| 78  239|
|149a 569|

BENNETT F. HINES, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Master and servant — risk of employment — right of a servant to assume that his employer will use due care for his protection.*

While a servant, by the acceptance of the service, assumes all risks incident to a dangerous employment, he has the right to expect that his employer will use the care required of him by law for the servant's protection.

APPEAL by the defendant, The New York Central and Hudson River Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Dutchess on the 26th day of December, 1893, upon the verdict of a jury rendered after a trial at the Dutchess Circuit, and also from an order entered in said clerk's office on the 26th day of December, 1893, denying the defendant's motion for a new trial made upon the minutes.

*Robert F. Wilkinson*, for the appellant.

*A. M. & G. Card*, for the respondent.

DYKMAN, J. :

This is an appeal from a judgment and order denying a motion for a new trial upon the minutes of the court.

The action was brought for the recovery of damages for injuries sustained by the plaintiff while in the employ of the defendant upon the Harlem branch of its road in the capacity of a brakeman.

There is a public highway which crosses the railroad a short distance above Dover Furnace upon an ordinary wooden bridge of sufficient height to admit the safe passage of a brakeman when sitting down, but not when standing.

The company had caused the usual warning tell-tale to be constructed on the north side of the bridge, and the plaintiff had knowledge of the existence of both. The tell-tale was constructed in the usual manner so that the suspended ropes could strike a brakeman on the top of a car passing under the same, but on the day of the accident two of the midmost wires were bent, and the ropes which hung from them twisted around the others so as to leave an opening sufficiently wide to permit the passage of the body of a man without contact.

On the day of the accident, in January, 1893, the plaintiff was operating the brakes upon a freight train of six cars, including a caboose. As the train approached Dover Furnace from the north the plaintiff crossed on top of the first car in front of the caboose, facing towards the south, and applied the brake on the north end of the second car from the caboose, then crossed the second car and applied the brake on the north end of the third car. All this time the car was in sight of the bridge; after applying those brakes the plaintiff remained on the top of the third car facing the north.

At a signal given for that purpose the plaintiff let off the brake on the third car and was walking on the top of the second when he was struck by the bridge and knocked down on the top of the car and received the serious injury for which this action is brought.

The cause was tried at the Circuit, and the jury rendered a verdict in favor of the plaintiff for $2,900. At the close of the plaintiff's case upon the trial the counsel for the defendant moved to dismiss the complaint on the ground of the absence of proof of negligence on the part of the defendant, and of the freedom of the plaintiff from negligence. Also, that it was proven that the negli-

gence of the plaintiff did contribute to the injury. That motion was denied, and the defendant now assigns that denial as error.

At that stage of the case there was evidence from which the jury might find in favor of the plaintiff upon all the questions involved.

At the time of the accident the plaintiff was engaged in the discharge of his duties, and at the place where he was required to be for that purpose, and while he assumed all the risk incident to a dangerous employment by the acceptance of the service, he yet had the right to expect that the defendant would use the care required by law for his protection.

The charge of the trial judge to the jury was favorable to the defendant and imposed upon the plaintiff's case a burden which was heavy and severe.

The jury was told that, "If the company erected a good tell-tale and the tell-tale was in order, it is immaterial to the defendant whether the man was notified by it or not; they were not bound except by the law, and if they obeyed the law they are not liable." Again, the jury was told, "The plaintiff must prove that he did his duty. A brakeman upon a train is bound to be vigilant and alert, to look out for danger, to inform himself constantly as to the effect of any act which he does upon the railroad, and if in the exercise of vigilance, he knew or should have seen that this tell-tale was out of order, he cannot recover even though the company did wrong."

This charge fails to instruct the jury that the plaintiff had the right to rely upon the performance by the defendant of the duty to maintain the tell-tale in order, but as the case successfully sustained the burdens imposed upon it by the charge the point ceases to be material further than to show that the jury must have found the evidence amply sufficient upon the questions involved to sustain the action.

There was no exception to the charge and the judgment and order should be affirmed, with costs.

BROWN, P. J., and PRATT, J., concurred.

Judgment and order affirmed, with costs.