CONSOLIDATED PLAN OF NEW JERSEY, INCORPORATED, A CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLANT, v. MEYER SHANHOLTZ, MOLLIE SHANHOLTZ AND ADOLF PALKOWITZ, DEFENDANTS-APPELLEES.

Decided October 14, 1929.

Before Justices PARKER, BLACK and BODINE.

For the plaintiff-appellant, *Lewis S. Jacobson*.

For the defendants-appellees, *Jacob I. Polkowitz*.

PER CURIAM.

The plaintiff below, a loan company organized under the act of 1914, brought suit upon a promissory note. The Dis-

trict Court entered a judgment in favor of the defendant and the plaintiff appeals. The note, so far as pertinent, provides as follows:

"New Brunswick, N. J., January 18, 1929.

"We, the undersigned jointly and severally, for value received, promise to pay to the order of Consolidated Plan of New Jersey, Inc., at its Office, 137 Albany street, New Brunswick, N. J., the sum of one hundred fifty dollars * * * in monthly installments * * * until * * * the * * * balance * * * shall be paid, together with interest on all unpaid balances of said principal, at the rate of three per cent. per month. * * *

"Upon default in the payment of the whole or any part of this note, the undersigned jointly and severally further agree to pay * * * all reasonable costs including attorney's fees that may be incurred in collecting the whole or any part of this note, said attorney's fees to be fixed at fifteen ($15) dollars plus fifteen (15%) per cent. of the amount of such sum of principal and interest then due, provided, the same shall not be construed to charge any or all of the undersigned to obligate them to pay any interest charges, bonus, fees, expense or demands of any nature whatsoever in excess of that now allowed by chapter 49 of the laws of 1914 of the State of New Jersey and the amendments thereof."

The plaintiff's state of demand seeks the recovery of the principal due upon the note, with interest at the rate of three per cent. a month and the attorney's fees called for in the note.

The District Court held the note void as a violation of *Pamph. L.* 1914, *ch.* 49, § 5. The act in question is entitled: "An act to define, regulate and control the business of the making of loans or advancements of money in sums of three hundred ($300) dollars or less in amount, and to regulate the assignment of wages when given as security for any such loan or advancement."

Section 5, so far as pertinent, provides: "No such licensee shall charge or receive of the borrower or borrowers, of any other person on his, her or their behalf, a greater rate of

interest than three per centum per month. Such interest shall not be payable in advance and shall be computed on unpaid balances. No charges, bonus, fees, expense or demands of any nature whatsoever other than interest as above provided shall be made upon such loans or advancements except upon the actual foreclosure of the security or upon the entry of judgment."

Section 6 is as follows: "The violation of any provision of this act shall be a misdemeanor, and if such violation be by a corporation, then such violation shall be a misdemeanor on the part of any person participating therein as a representative or agent of said corporation. Every loan in connection with such violation shall have occurred shall be absolutely null and void, and the borrower shall be entitled to recover from the lender any or all sums paid or returned on account of or in connection with such loan."

Obviously, if it were not for the provision in the note that it is not to be construed to violate the statute in question, the exaction of the forbidden fee would render the instrument void.

"Commercial paper cannot be based on any consideration which is a violation of an express statutory provision." 8 *Corp. Jur.* 243.

The legislature having forbidden the making of charges, fees and demands other than interest upon these small loans, the lender has exacted that in the instrument which, under the statute, renders his note void. By saying in the note that the exaction is not to be construed as a violation of the legislative prohibition does not save the situation. We are not construing the note as an exaction of that which is forbidden. The note itself calls for that which is forbidden, and the lender having sought that which he was not entitled to cannot be heard to say that that which he seeks he does not seek. Legislative enactments are not to be played fast and loose with, and corporations who violate the law cannot be heard to say that they did not intend that their violations of the law should be construed as such. They, like all others, must stand or fall by their own acts.

The judgment below is affirmed, with costs.