LEWIS RICHMOND, PLAINTIFF-RESPONDENT, v. CON-
SERVATIVE CRÉDIT SYSTEM OF NEW JERSEY, DE-
FENDANT-APPELLANT.

———

BARNEY RICHMOND, PLAINTIFF-APPELLEE, v. CONSER-
VATIVE CREDIT SYSTEM OF NEW JERSEY, DEFEND-
ANT-APPELLANT.

Submitted October term, 1931—Decided December 10, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the appellant, *Jacob S. Glickenhaus* and *Hugo Woerner*.

For the appellees—no briefs.

PER CURIAM.

These were actions by makers of notes to the appellant, a small loan company, for the purpose of recovering the amounts paid thereon because such notes were void as containing requirements, demands and exactions in violation of the statutes regulating such companies. *Pamph. L.* 1914, *p. 75*, as amended *Pamph. L.* 1928, *p. 497*.

Each note did contain the following:

"And on default in the payment of the whole or any part of this note, of any renewal of same, we the undersigned, jointly and severally further agree to pay interest at the rate of three per cent. per month from and after the date of such default; and upon the entry of judgment for the whole or

any part of this note or any renewal of same, we, the undersigned, jointly and severally, further agree to pay all reasonable costs, including attorneys' fees that may be incurred in collecting the whole or any part of this note * * * said attorneys' fees to be fixed at $15 plus one per cent. of the amount of such judgment; provided such note * * * shall not be construed to charge us * * * or obligate us * * * to pay any interest, charges, bonus, fees, expense or demands of any nature whatsoever in excess of that now allowed by chapter 49 of the laws of New Jersey, 1914, or any amendment thereof known as the Uniform Small Loan law."

The trial court, sitting without a jury, found in favor of the plaintiff in each action, and from the judgments entered upon such findings the defendant below appeals.

It is urged for reversal—

1. That defendant did not violate the statute either in the notes or statements.

It is insisted that all that is required is substantial compliance with the act and that this is conclusively established by the proofs—

In support of such contention *Sartor* v. *Englewood Finance Co.*, 9 *N. J. Mis. R.* 675, is cited.

But this has no application to the situation presented by the case before us. We are controlled by *Consolidated Plan of New New Jersey* v. *Shanholtz*, 7 *N. J. Mis. R.* 876, and *Morris Plan Corporation* v. *Schwartz*, 8 *N. J. Mis. R.* 417.

2. That violations of the act must be willful.

This is without merit. *Consolidated Plan of New Jersey* v. *Shanholtz, supra.*

3. That sections 5 and 6 of the statute are not reasonable regulations under the police power of the state.

This we find to be without legal substance.

It is further urged that the statute violates the state constitution in that—

1. Its object is not expressed in the title.

2. It is special.

We find nothing in the arguments advanced under these points calling for our comment.

The statute is not, for these reasons, unconstitutional.

4. The statute violates the constitution of the United States because it results in a deprivation of property without due process of law and it impairs the obligation of contracts.

We do not find this to be so.

The judgments under review are affirmed, with costs.