MORRIS ULIN, Plaintiff, *v.* HARRY S. WALOWITZ and Others, Defendants.

MORRIS ULIN, Plaintiff, *v.* PAULINE GOTTHEIM, Also Known as PAULINE WALOWITZ, Defendant.

MORRIS ULIN, Plaintiff, *v.* ROSE WALOWITZ and Others, Defendants.

Municipal Court of New York, Borough of Brooklyn, First District, May 26, 1933.

*Myron Wisoff*, for the plaintiff.

*Elias A. Deutschman*, for the defendants.

SWEEDLER, J. These actions are based on promissory notes made by the defendants in January, 1929, to the order of Consolidated Plan of New Jersey, Inc. Each note is in the sum of $300, and by its terms payable in monthly installments of twenty-five dollars, with interest on unpaid balances of principal at the rate of one and one-half per cent monthly payable with each installment.

The plaintiff, an assignee of the Consolidated Plan of New Jersey, Inc., seeks to recover on these notes; but in the event the notes are declared void, he predicates his recovery on the theory of unjust enrichment. The sole defense interposed is usury. The defendants contend that since the transactions are tainted with usury no recovery can be had upon any theory under the statutes of New Jersey.

The notes in question were executed in the State of New Jersey and made payable there. The validity of the contract is determined by the place of contracting. (*Union National Bank* v. *Chapman*, 169 N. Y. 538; *Hooley* v. *Talcott*, 129 App. Div. 233.) Thus New Jersey law must govern in the disposition of this question.

The Consolidated Plan of New Jersey, Inc., was duly licensed to conduct the business of loaning moneys in the sum of $300 or less in accordance with the provisions of chapter 49 of the Laws of 1914 of the State of New Jersey and the amendments thereof. Section 5 of the act, so far as pertinent, provides: " No such licensee shall charge or receive of the borrower or borrowers, of any other person on his, her, or their behalf, a greater rate of interest than three per centum per month. Such interest shall not be payable in advance and shall be computed on unpaid balances. No charges, bonus, fees, expense or demands of any nature whatsoever other than interest as above provided shall be made upon such loans or advancements except upon the actual foreclosure of the security or upon the entry of judgment." The defendants contend the loans are usurious under section 5 of the above act in view of the following clause contained in each of the notes sued upon: " Upon default in the payment of the whole or any part of this note, the undersigned jointly and severally agree to pay interest at the rate of $1\frac{1}{2}$ per cent per month from and after the date of such default until the date of payment; and upon the entry of judgment for the whole or any part of this note, the undersigned jointly and severally agree to pay all reasonable costs including attorney's fees that may be incurred in collecting the whole or any part of this note, said attorney's fees to be fixed at fifteen dollars ($15) plus fifteen per cent of the amount of such sum of principal and interest then due provided the same shall not be construed to charge any or all of the undersigned to obligate them to pay any interest charges, bonus, fees, expense or demands of any nature whatsoever in excess of that now allowed by chapter 49 of the laws of 1914 of the State of New Jersey and the amendments thereof."

The effect of such a provision in a note was passed upon by the New Jersey courts in the case of *Consolidated Plan* v. *Shanholtz* (7 N. J. Misc. Rep. 876). The notes in both instances are identical in terms so far as the application of the statute is concerned. The only difference appears in the percentage of interest charged; one provides for one and one-half per cent per month, the other calls for three per cent per month. In passing upon the validity of the note in *Consolidated Plan* v. *Shanholtz (supra)* the court observed: " The Legislature having forbidden the making of charges, fees and demands other than interest upon these small

loans, the lender has exacted that in the instrument which, under the statute, renders his note void. By saying in the note that the exaction is not to be construed as a violation of the legislative prohibition does not save the situation. * * * The note itself calls for that which is forbidden and the lender having sought that which he was not entitled to cannot be heard to say that that which he seeks he does not seek." On appeal the decision was affirmed in the highest court of the State (*sub nom. Consolidated Plan* v. *Palkowitz*, 107 N. J. L. 517).

The courts of this State have perhaps taken a different attitude in determining whether a loan is usurious or not. (*Diehl* v. *Becker*, 227 N. Y. 318; *Hartley* v. *Eagle Insurance Co.*, 222 id. 178, 187; *Commercial Investment Trust Co.* v. *Eskew*, 126 Misc. 114.) But the views of this jurisdiction on alleged usurious loans are totally irrelevant upon the issues of this action. The New Jersey courts have declared the loan usurious and accordingly the notes in question are void.

The further query remains whether recovery can be had upon any other theory. The doctrine of unjust enrichment is invoked. Here again reference must be made to chapter 49 of the Laws of 1914 (New Jersey), the pertinent portion of which provides: " Every loan in connection with which such violation shall have occurred shall be absolutely null and void, and the borrower shall be entitled to recover from the lender any or all sums paid or returned on account of or in connection with such loan." On this point the statute is explicit in terms and unambiguous in meaning. In deciding this precise issue the New Jersey court in *Rosenbusch* v. *Frey* (5 N. J. Misc. 312, at p. 314) held " while the language of the statute [*i. e.*, Small Loan Act of 1914] is that the borrower shall be entitled to recover sums paid or returned on account of the loan, it is necessarily equally effective to prevent the lender from recovering the money loaned on this transaction, which is expressly declared to be null and void." Thus there is no basis for the recovery of that portion of the loan which remains unpaid.

Since no cause of action is made out, judgment must be rendered for the defendants.