THE MORRIS PLAN CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLANT, v. NAT LESCHINSKY, I. RAE RACHLES AND MORRIS BERNSTEIN, DEFENDANTS-RESPONDENTS.

Submitted May 25, 1934—Decided September 27, 1934.

For the appellant, *Charles Blume.*

For the respondents, *Joseph B. Stadtmauer.*

The opinion of the court was delivered by

DONGES, J. This appeal brings up a judgment of the Supreme Court affirming a judgment of the Passaic District Court in favor of defendants-respondents on their counterclaim.

In this court and in the Supreme Court, respondents objected to the consideration of the case on the ground that the allowance of a rule to show cause reserving grounds of appeal, but upon the argument of which rule the grounds of appeal were fully argued, was a waiver of the right of appeal. The petition for the rule to show cause prayed: "that an order be made directing the defendants to show cause before this court, why the judgment which was rendered in favor of the defendants on the counter-claim, in the sum of $212.50, and the judgment rendered against the plaintiff on the state of demand, should not be set aside and for nothing holden, but that a judgment be rendered in favor of the plaintiff on the state of demand in the sum of $212.50, and judgment of no cause of action on the counter-claim."

The only objections noted in the trial were to the refusal to nonsuit defendants on their counter-claim and to the refusal to direct a verdict for plaintiff on the whole case, and to the admission of *Exhibit D-1*.

The first two of these questions were discussed on the argument of the rule to show cause. In the order dismissing the rule to show cause, the trial judge said:

"And whereas on November 9th, 1932, the court granted a rule requiring the defendant Nat Leschinsky to show cause why judgment should not be rendered in favor of plaintiff on the state of demand in the sum of $87.62 and judgment in favor of plaintiff on the counter-claim.

"And whereas the said rule to show cause was argued in open court on November 16th, 1932, by Charles Blume, Esq., attorney appearing for plaintiff, and Joseph B. Stadtmauer, Esq., appearing for defendants, and decision reserved by the court on said argument,

"And whereas, the court has duly considered the entire matter and due cause appearing,

"It is, on this 12th day of April, 1933, ordered that the rule to show cause allowed to plaintiff on November 9th, 1932, be and the same is hereby dismissed."

Section 213 f of the District Court act (2 *Comp. Stat.*, p. 2017), provides that the granting of a rule to show cause why a new trial should not be granted shall, unless expressly stipulated in the rule to show cause, be a waiver of any grounds of appeal existing in favor of the party obtaining such rule.

Section 68 of the District Court act (2 *Comp. Stat.*, p. 1977), provides that the practice of the Circuit Courts applies to District Courts, except where otherwise provided by law.

Rule 83, under the Practice act of 1912 (*Pamph. L.* 1912, *p.* 399), provides that the allowance of a rule to show cause why a new trial should not be granted is a bar to the taking of an appeal except on points expressly reserved in said rule.

It has been uniformly held that the appellate court will not consider and decide any question which was assigned or argued as ground for setting the verdict aside on the rule. *Cleaves* v. *Yeskel,* 104 *N. J. L.* 497; *DeRose* v. *Delaware, Lackawanna and Western Railroad Co.,* 109 *Id.* 135; *Holden* v. *Rolff,* 110 *Id.* 499. This practice has been held applicable to appeals from the District Court. *Puorro* v. *Kaskenas,* 11 *N. J. Mis. R.* 630.

In so far as the specifications of error filed in the Supreme Court relate to rulings of the trial court, with the one exception stated above, they raise the propriety of rendering judgment for defendants instead of giving judgment for plaintiff. The one exception relates to the admission of evidence, but the point is not argued in this court. It appears, therefore, that all of the trial rulings urged on this appeal were disposed of on the return of the rule to show cause why the verdict should not be set aside.

This appeal is dismissed, and the judgment affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 12.

*For reversal*—None.