BROAD AND CENTRAL, INCORPORATED, PLAINTIFF-RESPONDENT, v. ELIZABETH FRENCH, DEFENDANT-APPELLANT.

Argued January 16, 1935—Decided June 7, 1935.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Alan Bruce Conlin.*

For the respondent, *Augustus C. Nash.*

PER CURIAM.

This is an appeal from a judgment of the District Court of the Fourth Judicial District of Union county, entered on a verdict directed by the trial judge in favor of the plaintiff.

The suit was for two months' rent under a lease and for the balance due upon a promissory note given for rent for previous months. The premises leased were store premises located on the first floor of a building in Westfield. It is said that the second floor contained offices. The defense was that there had been a constructive eviction by reason of the overflowing on two occasions of a toilet on the second floor which had damaged the stock of defendant, had left permanent obnoxious odors in her store and had made the same unfit for use.

Defendant filed a counter-claim for damage to her stock in trade caused by this overflow.

At the trial the defendant offered proof of the overflowing of the toilet, of its effect on her stock and her health, and of the damage to her business. This testimony was objected to

on the ground that the lease, which is a brief one entered into in 1928 with the original owners and incorporated by reference in a renewal agreement between the parties to this suit, gave no right to peaceful enjoyment and contained no covenant on the part of the landlord to guard against happenings of this kind. The objection was sustained and at the close of the testimony a verdict for plaintiff was directed.

The difficulty with the consideration of the questions sought to be presented on this appeal is that a rule to show cause was allowed by the trial judge, and was argued and discharged. The rule reserved exceptions for appeal, but it appears from the memorandum appended to the respondent's brief that the same substantial questions were argued on the rule, namely the right of the defendant to claim a constructive eviction under the lease in question by reason of the overflow of the toilet. The appellant does not deny the claim of respondent that these questions were considered on the rule. In this situation there is nothing before this court for determination. *Morris Plan, &c.,* v. *Leschinsky,* 113 *N. J. L.* 414; 174 *Atl. Rep.* 729.

The judgment is affirmed.