WILLIAM S. ATTA *vs.* JOSEPH A. BERGIN.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued May 7th—decided June 27th, 1935.

*James E. Russell,* for the appellant (plaintiff).

*J. Gregory Lynch,* amicus curiae, argued the case for the appellee (defendant) but filed no printed brief.

Avery, J.   From the finding of the court in this case, these facts appear: The plaintiff conducted a small loan business in Waterbury under the trade name of the Industrial Loan Company, a license for which had been issued under that name by the state banking commission.   On April 16th, 1931, the Industrial Loan Company loaned $300 to Edward M. O'Brien and he, with John W. Hammell and the present defendant, Joseph A. Bergin, as co-makers, executed a note to the company for that amount.   On December 2d, 1931, a balance of $195 principal and $3.19 interest remained unpaid on this loan and on that date O'Brien paid the interest charge due and he, with Hammell and Bergin again as co-makers, executed a new note to the Industrial Loan Company. This second note is the one sued upon in this action. It is for $300; and as consideration for receiving it, the first note was cancelled and O'Brien was given $105 in cash.   At the same time, there was given to O'Brien alone a statement apparently purporting to comply with General Statutes, § 4078.   This statement contained, among other things, the following: "Date loan made, 12/2/31.   Actual amount of loan, $300 repayable on the second day of each month in twenty equal consecutive monthly instalments of $15.00 each, together with interest at three and one-half percent per month on the unpaid balance for the actual time

used . . . In default of any of the payments, the whole of the remaining balance of the principal and interest becomes due and payable at once." No statement other than the one referred to was given to O'Brien, and no statement whatsoever was given to Bergin or Hammell. There remained unpaid on the second loan principal amounting to $247.62 plus interest from May 2d, 1932. The note contained the following clause: "If default shall be made in the payment of any of said monthly instalments or sums on this note, or any renewal thereof, or if any of the undersigned shall abscond, or move from the jurisdiction of the courts of this city and county, or shall assign, secrete, or dispose of his or her property, so as to hinder, delay or defraud any of his or her creditors, then, or in any of said events, the whole principal sum of this note, or such portion thereof as shall then remain unpaid, with interest thereon as above agreed, up to that time, shall, at the option of the lender or assignee of this note, become immediately due and payable, without notice." The statement given to O'Brien did not contain any information or make any reference to these conditions other than that in case of default of any instalment the remaining principal and interest would immediately become due and payable.

The trial court concluded that because the statement given to the borrower did not set forth or describe the provision in the instalment note accelerating the due date at the option of the lender upon the happening of contingencies mentioned in the clause last quoted, the lender could not enforce payment of the note because of its failure to comply with the provisions of the Small Loans Act. General Statutes, Chap. 213, §§ 4066 to 4082. Among the provisions of this act, § 4078 requires that the lender shall deliver to the borrower at the time a loan is made a statement in the

English language showing, among other things, in clear and distinct terms the amount and date of the loan and the time of maturity. Primarily the note partially matured each month in instalment payments, but it also would entirely mature immediately, at the option of the lender, without notice, not only upon default in any monthly payment, as set forth in the statement, but also upon the happening of those other contingent events. The statement given to O'Brien set out the maturity dates of the monthly instalments and also that default of any of the payments would render the remaining balance due and payable at once. It did not inform him that the absconding or removal from the court's jurisdiction, or disposal of property of any one of the signers would render the note payable on demand.

The appellant urges that the clause embodying these conditions does not prescribe a "time of maturity" within the meaning of the statute because the accelerating circumstances could not occur without the volition or fault of the signer, but it is obvious that the reason for the requirement of the statement is to inform the borrower and, through him, his co-makers of the time or times when he and they may be called upon to pay the note in whole or in part, and this includes information not only of the time of its maturity in regular course but also of the occurrences which would make it payable at an earlier date. When this note was issued, the Small Loans Act permitted a rate of interest to be charged as high as 42% in a year. General Statutes, § 4077. In *Nicotera Loan Corporation v. Gallagher*, 115 Conn. 102, 105, 160 Atl. 426, we said that the privilege "of loaning money at a rate of interest greatly in excess of the legal rate permitted in ordinary business transactions, naturally called for strict limitations upon the lender and for measures of

protection to the borrower;" and we held that a note which failed to comply with the provisions of the act was unenforceable. *Westville & Hamden Loan Co.* v. *Pasqual,* 109 Conn. 110, 114, 145 Atl. 758. Inasmuch as the statement furnished to O'Brien by the lender failed to clearly disclose all of the conditions of the note as to the time and circumstances under which it might become due and payable, it failed to comply with the provisions of the Small Loans Act and the note was unenforceable. As this note was given before the passage of § 1085b of the Cumulative Supplement to the General Statutes, by which § 4078 was so amended as to require a statement of "the dates upon which payments are to be made if the loan is repayable in instalments, otherwise the time of its maturity" it is unnecessary to decide whether, under that amendment, the result would be the same.

As this disposes of the case, it is unnecessary to consider the questions raised by the bill of exceptions filed on behalf of the defendant.

There is no error.

In this opinion the other judges concurred.