PRICE *et al. v.* HANEY.

(Division B. Oct. 28, 1935.)

[163 So. 684. No. 31866.]

**W. W. Pierce**, Assistant Attorney-General, for appellants.

Hannah & Simrall, of Hattiesburg, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee brought this action of replevin in the circuit court of Simpson county for the possession of a motor-truck, and for damages for its detention, against appellants, Joe S. Price, state auditor, and Mississippi Fire Insurance Company, surety on his official bond. There was a judgment for appellee for the possession of the truck, which he had taken on a forthcoming bond, and for damages in the sum of one hundred dollars for its unlawful taking and detention.

Appellee was hauling for hire for the American Oil Company a truck load of gasoline, oils, and greases from Hattiesburg to Kosciusko. He was using a Ford truck, upon which he had paid the road and bridge privilege

tax authorizing him to carry a maximum of one and one-half tons over the public highways of the state. On this particular occasion he was carrying gasoline, oil, and greases weighing five thousand nine hundred sixty pounds, or approximately three tons. When he reached Magee in Simpson county he was approached by one Greer, a highway patrolman employed by the State Auditor by virtue of the provisions of section 19, chapter 126, Laws 1934. Greer made an examination of the invoices and bills of the load and discovered that it amounted to about three tons, nearly one and one-half tons more than his privilege tax authorized. Greer removed the tag from the truck and demanded that appellee increase his privilege tax to cover three tons before he removed further. Appellee made an effort to secure the money to pay the additional tax, but was unsuccessful. Greer advised appellee that if he undertook to operate his truck over the public highway without paying the additional tax he would arrest him as he had a right to do under the law. The truck remained in Magee from the 8th to the 10th day of August, when appellee sued out the writ of replevin for the truck. The sheriff of the county thereupon took the truck in possession under the writ.

There was a conflict in the evidence with reference to whether Greer arrested appellee; the latter contended that he thought he was under arrest, while Greer testified that he made no arrest. Greer's testimony is corroborated by appellee's admission that he did not remain with Greer all the time.

There was no dispute as to the weight of the load, and none as to the privilege tax paid by appellee which was for a maximum load of one and one-half tons.

It is argued by appellee that the evidence failed to show that he did not have a special permit to haul that particular overload as authorized by statute. In the first place, the burden was on appellee to show the special permit, if it existed; that was a matter peculiarly within his knowledge. As a witness in his own behalf he ad-

mitted time and again, both in his direct and cross examination, that he was overloaded, and was making every effort he could to get the money to pay the additional tax. He said nothing about a special permit; if he had it, he certainly was called on to say so.

Greer's duties with reference to the truck are in part set out in the last paragraph of section 21, chapter 126, Laws of 1934, as follows: "All taxes, penalties and costs imposed by this act shall constitute a first lien on any motor vehicle operated in violation of the provisions hereof, and any such motor vehicle shall be subject to being seized and impounded to enforce collection thereof. Any sheriff, deputy sheriff, constable, police officer or any other officer authorized to make an arrest is hereby authorized to arrest without warrant any person operating or driving any motor vehicle contrary to the provisions of this act within the limits of their respective jurisdiction and/or to seize and impound any motor vehicle being operated in violation of the provisions hereof. In case of such arrest or seizure, proceedings shall be had as provided by section 5582 of the Code of 1930."

The court refused appellant's request for a directed verdict. We think this was error. Under the plain provisions of the statute, Greer had a right to seize and impound the truck pending the necessary legal proceedings to enforce the payment of the additional license tax. It is true he had no right to hold the truck indefinitely without taking steps for that purpose. However, the record does not show an unreasonable delay; he seized the truck on the 8th of August, and on the 10th appellee brought replevin for it. Appellee had an easy and effective way of regaining possession of his truck by paying the additional tax.

Reversed, and judgment here for appellants.

### On Suggestion of Error.

**Ethridge, P. J.**, delivered the opinion of the court on suggestion of error.

The suggestion of error filed herein states as follows: "In the case at bar, the opinion reflects a complete misconception of the issues that were presented by the pleadings and relied on by the parties; and in furtherance of this misconception this court gratuitously introduced into its opinion an issue that was not only not relied on by the defendant, but one that is positively contradictory to the contentions of the defendant."

The proceeding in the court below was replevin for the recovery of the possession of a truck held up, or detained, by an officer of this state because of the payment of insufficient privilege license. The issue pleaded in the replevin, and the only one permissible, is the general issue. The question for determination by this court was whether the plaintiff, appellee here, was entitled to immediate possession of the truck held up.

It appears, as stated in the original opinion, that the appellee, Haney, had not paid a sufficient privilege tax for the amount being carried by his truck over the highways. There seems to be no dispute about this proposition. The officer observed the truck and noted that it seemed to be heavily loaded, and that the license tag was for one and one-half tons, and he requested Haney to show him his bills of lading or invoices showing the amount he was carrying, and these showed slightly under three tons. Thereupon, this officer took charge of the truck and removed the license tag. The appellee made efforts to secure the money to pay the additional amount of tax due, and was necessarily hindering in his journey until the amount could be raised, or until bond could be given, or other proceedings taken to secure possession of the truck.

Under the statutes (Laws 1934, chap. 126, secs. 19, 20) cited in the original opinion, the state had a lien upon the truck for the payment of the required privilege license, and as it had not been fully paid when suit was instituted, the plaintiff in replevin, appellee here, had no right to possession of the truck, and having no right to

the possession of the truck, and the state having impounded it to secure the privilege tax, there was no damage, in a legal sense, to the plaintiff by such detention. Whatever damage he sustained was what is known as damages without injury.

It is urged, however, that there was no proof as to whether the plaintiff had paid the extra privilege tax in addition to the regular privilege tax to justify his carrying such a load, and that the burden was upon the state to show this, and that the state failed to meet it. We are unable to agree with this statement. We think it is a matter within the peculiar knowledge of the owner of the truck as to whether he had paid such extra license money. In 22 C. J., p. 81, sec. 24, under the heading "Effect of Peculiar Knowledge or Control of Evidence," it is stated that: "In the administration of justice it is often wise to place the burden of producing evidence on the party best able to sustain it, and ambiguity, concealment, or evasion react with peculiar force on a pleader who asserts a fact and fails to produce the evidence, which if his assertion were true, would be in his possession. Hence it is very generally held that where the party who has not the general burden of proof possesses positive and complete knowledge concerning the existence of facts which the party having that burden is called upon to negative, or where, for any reason, the evidence to prove a fact is chiefly, if not entirely, within his control, the burden rests on him to produce the evidence, although he is obliged to go no further than necessity requires." In case note 40 it is said: "There certainly can be no semblance of justice in relieving the party from making a disclosure who is in a position to make it, or in making an explanation which will excuse it, if there be such an explanation available to him," citing Jolliffe v. Northern Pac. R. Co., 52 Wash. 433, 100 P. 977. "(b) The existence of a license is a fact peculiarly within the knowledge of the person doing the act for which the license is required, and hence it is incumbent on him to show such license,

even though the non-existence thereof is the gravamen of the action or proceeding against him." Farrall v. State, 32 Ala. 557; Williams v. State, 35 Ark. 430; People v. Boo Doo Hong, 122 Cal. 606, 55 P. 402, and other cases; 22 C. J. 81, sec. 24; Mississippi-Southern Digest, volume 12, entitled "Evidence," Key Nos. 91, 92, and 93; Town of Ackerman v. Choctaw County, 157 Miss. 594, 128 So. 757; Abhau v. Grassie, 262 Ill. 636, 104 N. E. 1020, Ann. Cas. 1915B, 414, and Great Western R. Co. v. Bacon, 30 Ill. 347, 83 Am. Dec. 199.

In addition to what these authorities have said the appellee in the case at bar had the burden of proving all the facts necessary to show his right to immediate possession of the truck when the suit was instituted.

The suggestion of error also quotes the following statement from the original opinion: "Under the plain provisions of the statute, Greer had a right to seize and impound the truck pending the necessary legal proceedings to enforce the payment of the additional license tax. It is true he had no right to hold the truck indefinitely without taking steps for that purpose." It is said that this is an accurate statement of the law according to the conception and theory of the appellee, and it is on this theory that the appellee tried this case; but that this statement of the law is exactly contrary to the conception and theory of the appellant, and directly in conflict with the theory on which the appellant tried the case.

We do not so understand the theory of appellant to be as contended by the appellant. It must be remembered that this suit is a suit for possession of the truck, and not a suit by the state to condemn the truck, nor is it a right of action for damages independent of the right of possession of the truck. In other words, the statement in the above-quoted part of the original opinion that Greer had no right to withhold the truck indefinitely without taking steps for that purpose is more a statement of the duty of the officer under such circumstances to act with reasonable dispatch. In the case at bar, the appellee was

trying to make arrangements by which he could get a release of the truck, and was being indulged in that effort by the officer, and instead of appellee being damaged, it was beneficial to him. It was certainly the duty of the party operating the truck to secure the necessary privilege license, and it would have been natural had he paid this privilege tax when interrogated by the officer about the capacity of the load, and when the officer examined his bills of lading, to have produced his license or state the facts with reference to it.

The court has dealt with the case as presented by the record, and has decided it according to its conception of the law, and when the pleadings are considered, we see no other result that we could reach in the case than we have already reached.

The suggestion of error will, therefore, be overruled.

Suggestion of error overruled.