INDEPENDENT LOAN COMPANY, INCORPORATED, A BODY CORPORATE, PLAINTIFF-APPELLANT, v. DAVID S. TYSON, ALMENA R. TYSON, LOUIS WALLIS AND LLOYD A. CASE, DEFENDANTS-RESPONDENTS.

Submitted May 15, 1936—Decided October 9, 1936.

Before Justices BODINE and HEHER.

For the appellant, *Albert B. Kahn* (*Charles A. Malloy*, of counsel).

For the respondent Louis Wallis and Lloyd A. Case, *William E. Blackman*.

The opinion of the court was delivered by

HEHER, J. There is nothing of substance to the point made by the appellant loan company that the commission of

a misdemeanor, as defined in section 19 of the "Small Loan" act of 1932 (*Pamph. L., pp.* 94, 106), does not operate to void the contract of loan, and render the loan uncollectable, unless and until there has been a conviction of the offender in a court of criminal jurisdiction. The statute does not make conviction a prerequisite to the operation of this provision, either expressly or by fair intendment. The term "misdemeanor" was employed to delimit the class of offenses entailing these consequences, and not to denote a formal adjudication of the guilt of the offender in a court of criminal jurisdiction, a tribunal having a radically different function, as the minimum requirement of voidance.

And the makers' affirmative declaration in the note that they "have no joint or several defense to any action, either at law or in equity, which may be brought at any time for" its collection does not, for obvious reasons, create an estoppel. The statute embodies a public policy which may not thus be set at naught by the parties themselves. It is beyond their power to waive statutory provisions of this character.

Judgment affirmed, with costs.