NEW ITALIAN CO-OPERATIVE COMPANY, INC. *v.* ANGELO MAGLIOCCO ET ALS.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued January 10—decided February 7, 1941.

*William J. McKenna,* with whom was *Anthony A. E. DeLucia,* for the appellant (plaintiff).

*Henry J. DeVita,* for the appellees (defendants).

MALTBIE, C. J. The plaintiff brought this action to recover on a promissory note executed by the defendants. The note, dated May 31, 1934, represented a loan of $300 made that day. It provided that the defendants would pay that sum to the plaintiff in instalments as follows: "The sum of $6 on the sixth day of June, 1934, and a like sum on the Monday of each immediate consecutive week thereafter for the period of 50 consecutive weeks on and after the maturity

date of the first instalment payment herein referred to"; that interest should be paid on all unpaid balances of the principal sum at the rate of 2 per cent per month, but in the event of a default in the payment of any instalment the rate of interest on all unpaid balances should be 3 per cent per month; and that in the event of such default the remaining balance of the principal sum should be due and payable at the option of the payee or holder of the note, on demand. The transaction was within the provisions of the Small Loans Act, which, at the time the note was executed, required that the lender should deliver to the borrower "a statement in the English language showing in clear and distinct terms the amount and date of the loan, the dates upon which payments are to be made if the loan is repayable in instalments, otherwise the time of its maturity . . . and the rate of interest charged; [and that the lender should] give to the borrower plain and complete receipts for all payments made on account of any such loan at the time such payments are made." General Statutes, Cum. Sup. 1933, § 1085b. At the time the loan was made the plaintiff gave to the defendants a folder, on the first page of which was a so-called "Statement of your Loan" with blank spaces for inserting its amount and date and the amount of the first instalment, and the amount of subsequent instalments, but these were not filled out; as regards the payment of instalments, it was stated that they should be made "on the Thursday of each immediate consecutive week thereafter for the period of 50 consecutive weeks on and after the maturity date of the first instalment payments herein referred to"; and it further stated that if default was made in the payment of any instalment, the whole amount of the loan then unpaid would at once

become due and payable "at the rate of interest on all unpaid balance shall be 3% per month." On the inside of the folder the date and amount of the loan appeared, and also that in the year 1935 payments were made as follows: May 3d, $15 on the principal and $15 interest; May 31st, $5 on the principal; June 17th, $5 on the principal; August 12th, $5 on the principal and $5 interest.

Even if the insertion of the amount and date of the loan on the inside of the folder be regarded as a sufficient compliance with the requirement that the statement give these items, there is a clear discrepancy between the note and the statement, in that the former provided that the instalments should be paid on Monday whereas the latter stated that they should be made on Thursday of each week. Moreover, as the time to pay instalments was fixed as on a day certain during each consecutive week after the maturity date of the first instalment and the statement did not designate the date when the first instalment became due, it failed wholly to meet the requirement of the statute that the dates when instalments are to be paid should be given. This in turn made it impossible for the defendants to determine from it the date of the maturity of the note in regular course or of the occurrences which would make it payable at an earlier date. The entries of the interest payments were such that it would be difficult if not impossible to determine how much was due on the loan on that account. There was a clear failure to comply with the requirements of the statute and the trial court was correct in holding that the plaintiff could not recover. *Westville & Hamden Loan Co.* v. *Pasqual,* 109 Conn. 110, 116, 145 Atl. 758; *Nicotera Loan Corp.* v. *Gallagher,* 115 Conn. 102, 105, 160 Atl. 426; *Atta* v. *Bergin,* 120 Conn. 152, 180

Atl. 298; *Ideal Financing Asso.* v. *LaBonte,* 120 Conn. 190, 194, 180 Atl. 300.

There is no error.

In this opinion the other judges concurred.