FAMILY FINANCE CORPORATION, Plaintiff, *v.* DAVID D. MCNEILAGE, Defendant.

Municipal Court of New York, Borough of Manhattan, Second District, March 16, 1942.

*Julius Winn*, for the plaintiff.

*Daniel D. Trause*, for the defendant.

MCCAFFREY, J. This is an action to recover the sum of $292.50, with interest. This sum is asserted to be the balance due on a loan made by the plaintiff to the defendant on August 22, 1940, in amount of $300. The plaintiff is a lender licensed to do business pursuant to article 9 of the Banking Law.

Part of the defense in this case is predicated upon the asserted failure of the plaintiff to comply with the provisions of section 353 of the Banking Law. The defendant contends that the statement delivered to him at the time the loan was made did not show the nature of the security, as required by that statute. In addition, he charges the plaintiff with an act prohibited by the same statute: the taking of a power of attorney from him. These questions present problems of which there is a scarcity of judicial authority.

The security for the loan in the instant case was a wage assignment. The statement delivered to the defendant by the plaintiff

at the time the loan was made included a reference to the security as follows: " The note evidencing this loan is secured by note&WA." It is my belief that the reference to the security by the letters " WA " did not constitute compliance with the statute being considered. (*Family Finance Corp.* v. *Miick*, 176 Misc. 753.) Counsel for the plaintiff advances the thought that if such a showing or particularization of the security was insufficient, the deficiency was cured in that the borrower knew what the security was at the time of the loan. If such a showing of the nature of the security was insufficient, I cannot see how the knowledge of the defendant, as to what constituted the security, cured the deficiency. In my opinion, the sufficiency of the statement required, from the viewpoint of the showing of the nature of the security, is to be determined by its contents, without the consideration of the knowledge of the borrower as to the information to be contained therein. If the Legislature had intended nothing more than that the lender was to impart to the borrower knowledge of the factual information under discussion, I do not believe it would have required a statement of loan. Legislative intent embraced the thought that there should be delivered to the borrower a statement of the lender summarizing the particular transaction between the parties. The potential usefulness to the borrower of such a statement, including a showing of the nature of the security, goes beyond his immediate knowledge of the facts contained therein.

The wage assignment executed by the defendant as security for the loan herein contained the following: " I give and grant unto the said assignee full power and authority to demand and receive and receipt for the same or any part thereof in my name." The defendant asserts this constituted the taking from him of a power of attorney within the meaning of the prohibition of the statute. The grant of authority quoted above was not a necessary component part of the wage assignment, but rather was it a means of effectuating its purpose. Since it was not of the essence of the assignment, although included on the face thereof, it must be examined and viewed by itself in determining its nature. It is my belief that the language in issue created an instrument, by which the plaintiff was authorized by the defendant to act as his agent or attorney, within the limitations contained therein. In my opinion, that instrument was a power of attorney. That which has been identified and referred to as an assignment of wages was an assignment and a power of attorney, both instruments bearing a relation to the same subject-matter, part of the wages of the defendant McNeilage. The lender has brought itself within the purview of an act prohibited by the statute.

For the reasons heretofore stated, I hold the loan to have been void under section 358 of the Banking Law. Judgment for the defendant dismissing the complaint of the plaintiff on the merits.