Murray Rosenblum, Plaintiff, v. Family Finance Corporation, Defendant.*

Supreme Court, Special Term, Kings County, December 15, 1942.

---

* Affd. 266 App. Div. 872.

*Julius Winn* for defendant.

*Philip L. Arkow* for plaintiff.

Nova, J. In this action, brought in equity, defendant moves to dismiss the complaint for insufficiency.

The action is by a borrower against the defendant finance corporation, licensed as a small-loan lender under article 9 of the Banking Law, to cancel a loan and to recover back all instruments of indebtedness and security given in connection therewith and all moneys paid thereunder. The legal basis for such relief is the claim that the loan was void because of defendant's failure to comply with section 353 of the Banking Law in that the statement of loan fails to make any mention of the security given for said loan.

As security for the loan plaintiff was required to give to defendant an assignment of wages. Plaintiff alleges that he has paid on the loan '' the sum of $43.53 on account of said loan and has also paid the sum of $54.93 since the filing of the said wage assignment with plaintiff's employer, making in all total payments of $98.46.'' The plaintiff further alleges that defendant (realizing, possibly, an inability of enforcement) has refused to bring any legal action upon the loan contract itself or reduce it to judgment, preferring to exercise its alleged right to secure collection from the employer under the assignment.

In support of the motion it is urged that plaintiff has '' an adequate remedy at law by way of defense to any action that the defendant might bring upon the loan.'' It is also alleged that plaintiff has made no present showing of '' irreparable injury '' and that the complaint is defective in failing to allege '' that the plaintiff is presently employed and that his employer is actually deducting, at the present time, 10% of his wages and remitting the same to the defendant pursuant to an alleged wage assignment.''

Section 353 of the Banking Law requires that '' Every licensee [i. e., licensed lender such as defendant] shall: Deliver to the borrower at the time any loan is made a statement * * * showing in clear and distinct terms * * * the nature of the security, if any, for the loan * * *.'' By section 358 of the same statute noncompliance with this or other requirements is made a misdemeanor (as against the lender but not the borrower) and it is further provided that: '' Any contract of loan not invalid for any other reason, in the making or collection of which any act shall have been done which constitutes a misdemeanor under this section, shall be void and the lender shall

have no right to collect or receive any principal, interest, or charges whatsoever."

Noncompliance with the statute, as alleged in the complaint, stands admitted on this motion.

The courts have recognized in this and the companion sections of the law (art. 9) a statutory purpose of public policy " to protect poor people, whose necessities make them helpless * * * " (*Equity Service Corp.* v. *Agull,* 250 App. Div. 96, 100; see also, *Domestic Finance Corp.* v. *Williams,* 174 Misc. 227, 229), and have pointed out in connection with an analogous provision of the same act that " the evident purpose of this legislation was to protect the poor and needy who were compelled by their necessities to borrow small amounts upon the specified kind of security from exorbitant demands. The statute being remedial should be liberally interpreted to accomplish the good intended." (*London Realty Co.* v. *Riordan,* 148 App. Div. 854, 859.)

The foregoing commentary is not evoked out of equitable considerations for this particular plaintiff, whose attitude is not calculated to appeal to the conscience of the court, but as indicative of the considerations of public policy generally which underlie the statute in question and which have guided the courts in their interpretation thereof. With such a background it is not for the court to question the wisdom of the Legislature in prescribing what it deems to be necessary safeguards. The licensee, given special privileges to lend under the statute, must do so with scrupulous adherence to its terms.

A violation thereof, as indicated, renders the transaction void. Such being the case, the lender may not retain any benefits which it has received thereunder. Nor may it even seek to be placed *in statu quo* for it is expressly forbidden, where at fault, " to collect or receive any principal, interest, or charges whatsoever." (§ 358.)

It is clearly to be inferred from a reading of the complaint that the wage assignment, having been filed with the employer and payments having been made subsequent to such filing, is operative. Under well-recognized principles, the complaint is to be liberally construed and the pleader is entitled to the benefit of any reasonable inference.

It fairly appears also, or fairly may be inferred from the facts recited, that plaintiff has no adequate remedy to be invoked by way of defense in a law action, for such law action may never be brought (and presumably, under the situation shown, would not be brought). A continuance of the wage deductions under

the assignment and pursuant to the loan contract would, under such circumstances, result in irreparable damage to plaintiff, if he were to be denied relief in equity.

That the admitted failure of the defendant to give to the borrower a clear and distinct statement of the nature of the security for the loan is a violation of the positive requirements of the law has been held in *Family Finance Corp.* v. *Miick* (176 Misc. 753) and *Family Finance Corp.* v. *McNeilage* (178 Misc. 263).

The motion is denied.