RODGERS, Justice:
This is a suit to recover the balance due on a note under the Mississippi “Small Loan Regulatory Act”, Mississippi Code Annotated section 5591-09 (Supplement 1964). The defendants claimed the lender failed to comply with the terms of Mississippi Code Annotated section 5591-14 (Supplement 1964). When the case was tried in the County Court of Jackson County, Mississippi, the jury returned a verdict in favor of defendants, appellees here. The plaintiff, Consumers Credit Corporation of Mississippi, appealed to the circuit court where the judgment of the county court was affirmed. We affirm the judgment of the circuit court.
The record reveals that Emmitt J. Stanford wanted to purchase a certain type truck which was made especially for the vending of ice cream and “snowballs.” This type of truck was manufactured in New York City. He found it necessary to borrow $2,500 to make the purchase. He contacted Mr. T. A. Parsons who was engaged in the business of brokering loans under the name “Surf Finance Company” of Pascagoula, Mississippi. Mr. Stanford went back to the finance office that afternoon, in company with Mrs. Stanford, and they signed two notes. Mr. Stanford testified that the notes were blank at the time they signed them. He said: “There wasn’t anything on it when I signed it.” He also testified that about a week later he informed Mr. Parsons by telephone the number of the truck and he wired him the money to pay for it. He said: “I signed the papers but they said *870 it had to be processed and I would get my money later. I had to go up there and get all of the numbers and everything before I would get the money, so that is why they wired the money. I didn’t pick up anything then.” He testified that they did not receive any papers or statements stating the amount they had borrowed and what the charges were. He also testified that they made several payments on the notes but received no receipts therefor.
The appellant, Consumers Credit Corporation of Mississippi, contends on appeal to this Court that the trial court committed reversible error in failing to grant a directed verdict in its favor; in failing to grant a new trial; in granting certain instructions for the appellees; and in overruling appellant’s objection to the introduction of a contract with the loan broker. Appellant further contends that the verdict of the jury was contrary to law because the appel-lees were estopped to assert their own wrongful acts in leading appellant to believe that all instruments had been filled out at the time of delivery.
The pertinent parts of the Small Loan Regulatory Act are as follows:
“This act is hereby declared to be a public necessity and is remedial in purpose and the same shall be liberally construed to effectuate the purposes thereof and shall be known as the ‘Small Loan Regulatory Act’ of this state.” Miss.Code Ann. § SS91-01 (Supp.1964).
“The following words and phrases, when used in this act, shall, for the purposes of this act, have the meanings respectively ascribed to them in this section, except where the context clearly describes and indicates a different meaning:
* * * ^ * *
“(2) The term ‘licensee’ shall mean and include every person holding a valid license issued under the provisions of the Small Loan Privilege Tax Act [§§ 5591— 31 et seq.] of this state, except those specifically exempt by the provisions of this act, who, in addition to any other rights and powers he or it might otherwise possess, shall engage in the business of:
* * * * * *
“(b) Lending money either directly or indirectly, to be paid back in monthly installments or other regular installments for periods of more or less than one month, and whether or not the lender requires security from the borrower as indemnity for the repayment of the loan;”
* * * * * *
Miss.Code Ann. § 5591-02 (Supp.1964).
“(a) Requirements for making and payment of loans. Every licensee shall:
“1. At the time any loan is made, delivered to the borrower, or if there are two or more borrowers to one of them, a statement in the English language, on which shall be printed a copy of section 9 [§ 5591-09] of this act, disclosing (a) the date of the loan, (b) the amount of the loan, (c) the schedule of payments or a description thereof, (d) the type of the security, if any, for the loan, (e) the name and address of the licensed office and of each person primarily obligated on the note, and (f) the agreed rate of charge.
“2. For each payment made on account of any such loan, give to the person making it at the time the payment is made a receipt specifying in plain, clear and simple terms the amount of the payment.
“3. Permit payment to be made in advance in any amount on any contract of loan at any time, but the licensee may apply such payment first to all charges in full at the agreed rate.
“4. Upon repayment of the loan in full, release any mortgage and restore any pledge unless such mortgage or pledge continues to secure an obligation to the licensee, and cancel and return any note and any assignment given to the licensee for the loan which is repaid.
*871 “(b) Confession of judgment; incomplete instruments. No licensee shall (1) take any confession of judgment or any power of attorney running to himself or to any third person to confess judgment or to appear for the borrower in a judicial proceeding; nor (2) take any note, promise to pay, or instrument of security that does not disclose the amount of the loan before the addition of precomputed charges, a schedule of payments or a description thereof, the agreed rate of charge, nor any instrument in which blanks are left to be filled in after the loan is made.
“(c) Penalty. Any contract of loan in the making or collection of which any provision of this section shall have been violated either knowingly or without the exercise of due care to prevent the same, shall be void and the licensee shall have no right to collect or receive any principal, charges, or recompense whatsoever.” Miss.Code Ann. § 5591-14 (Supp.1964). (Emphasis supplied.)
The appellant points out that the words “due care” in the last sentence above-mentioned mean reasonable and ordinary care, or that degree of care which, under the same or similar circumstances, would ordinarily or usually be expected by or from an ordinarily prudent person. It is contended that this means, in effect, that a lender who substantially complies with the requirements of the Mississippi Small Loan Regulatory Act is relieved of the statutory penalty. The appellant argues that the broker was the agent of the borrower-ap-pellees, and that the lender had no control over the broker or the borrowers, and had no notice that the note was not properly filled out. It contends that the broker acted for the borrower-appellees in filling in the blanks left in the note. Moreover, there was an acknowledgment written on the bottom of the note, whereby the borrowers acknowledged that they had received a full statement of their loan. The following words were written just above the signatures of the makers of the note: “The borrower acknowledges receipt of a statement of the loan in English as required by Section 14(a) of Mississippi Small Loan Regulatory Act.” Thus, it is contended that the appellant used “due care” and that the appellees, Mr. and Mrs. Stanford, are “estopped from asserting (an) incomplete instrument.”
The Mississippi Small Loan Regulatory Act is similar to a great many state statutes regulating the small loan business. Most of these acts require statements showing the amount and date of the loan, time of maturity, nature of the security, rate of interest, and usually the statute requires the lender to give the borrower plain and complete receipts for all payments made. 58 C.J.S. Money Lenders § 5 (1948).
The many statutes as well as cases reported on the subjects of pawnbrokers and small loan businesses underscore the fact that there is an unending effort on the part of the government to control the age-old abuse of a certain class of moneylenders in exacting exorbitant and oppressive interest rates from persons in necessitous circumstances. These people, as a rule, are unable to borrow in the regular channels of finance. It has been generally recognized by the judiciary that the legislative branch of government has a duty under its police power as a matter of public policy (Annot. 125 A.L.R. 744—1940) to protect poor people from the evils of usury. 40 Am.Jur. Pawnbrokers, §§ 8, 9, 10, 11 (1942).
The very nature of the business, whereby certain moneylenders are permitted to charge exorbitant interest, requires that they be held accountable for the violation of the regulations permitting them to enter into “improvident contracts”. Early v. Williams, 239 Miss. 320, 123 So.2d 446 (1960). Ordinarily the statutes of various states declare that the violation of the regulations in the statute renders the contract void, (40 Am.Jur. Pawnbrokers, § 14— 1942), and many statutes subject the lender to criminal prosecution. 58 C.J.S. Money Lenders § 10—(1948).
*872 It has been generally held that where tire Small Loan Regulatory Act provides that the violation of the Act is a misdemeanor, or where such violation renders the loan void, the failure to furnish the borrower the required loan statement invalidates the loan.[1]
The appellant contends, however, that since the appellees, Mr. and Mrs. Stanford, signed the note under an acknowledgment that they had received a full statement of their loan, the appellant-lender had done all required of it to show "due care”, and that the appellees are estopped to claim that the note was not properly filled out at the time it was signed. This issue has not heretofore been presented to this Court, but other courts have held generally that the rule and guides set up by the legislature to control small loan businesses are expressions of public policy. Many courts have held that the parties to a small loan contract cannot set at naught the public policy of the state by their agreement. New Italian Coop. Co. v. Magliocco, 127 Conn. 521, 18 A.2d 368 (1941) ; Consolidated Plan of New Jersey v. Shanholtz, 7 N.J.Misc. 876, 147 A. 401 (1929); Randisi v. Household Fin. Corp., 269 App.Div. 975, 58 N.Y.S.2d 406 (1945); Family Fin. Corp. v. Miick, 176 Misc. 753, 28 N.Y.S. 830 (1941).[2]
Although there is authority to the contrary in states where the statutes are strictly construed,[3] it has been generally held that a substantial compliance with the requirement of the Small Loan Regulatory Act is not sufficient to avoid the penalties for its violation. Atta v. Bergin, 120 Conn. 152, 180 A. 298 (1935); Richmond v. Conservative Credit Sys., 10 N.J.Misc. 14, 157 A. 446 (1931).
This Court has had occasion to point out that:
“The Court cannot prevent people, who are in their right mind and under no disability, from making contracts nor rescue them from their folly. Obviously this was an improvident contract that the appellants should not have made. But Chapter 170, Laws of 1958, supra, expressly authorizes contracts such as are found in this case; and a party cannot be penalized as long as he complies with the law.” Early v. Williams, 239 Miss, at 328-329, 123 So.2d at 449.
*873 On the other hand, the Legislature of Mississippi has directed that:
“This act is hereby declared to be a public necessity and is remedial in purpose and the same shall be liberally construed to effectuate the purposes thereof and shall be known as the ‘Small Loan Regulatory Act’ of this state.” Miss.Code Ann. § 5591-01 (Supp.1964).
Obviously, therefore, the purpose of the Act was to remedy an unsavory condition and to regulate and control the small loan business.
There is no conflict in the testimony that the appellant-lender did not give receipts for some of the payments made by appellees on the loan due. No testimony was offered by appellant to show that it used “due care” to comply with the requirements that the licensee issued a receipt for each payment, as required by Mississippi Code Annotated section 5591-14 (a) 2. (Supplement 1964).
 The burden of proof was upon the appellee-borrowers to show that the lender-licensee did not furnish them with a statement showing the amount and date of the loan, or issue receipts to them for payments made on the loan, as required by the statute. Personal Fin. Co. of New York v. Lyons, 128 Conn. 254, 21 A.2d 652 (1941). When the appellee-borrowers had introduced proof showing noncompliance with the statutory requirements, the burden of going forward with the evidence was upon the lender-licensee to show “due care” by explaining the failure to comply with the statutory requirements. 31A C.J.S. Evidence § 110 (1964). This is especially true where a party has special knowledge of required evidence, or where such evidence is within the control of such party, as is true of the lender-licensee in the instant case. Price v. Haney, 174 Miss. 176, 163 So. 684, 164 So. 590 (1935); 31A C.J.S. Evidence § 113 (1964).
In view of the expressed intent of the Legislature that the Small Loan Regulatory Act shall be “liberally construed to effectuate the purpose of the law,” we have reached the conclusion that the phrase “without the exercise of due care” does not mean the licensee is excused from performing the acts required by the Small Loan Regulatory Act by printing in the note form an acknowledgment of the makers that they have received the written statement required by the statute. To hold otherwise would simply mean that the lender could avoid performing the statutory requirements by simply writing in the note an acknowledgment that these acts had been performed. Independent Loan Co. v. Tyson, 117 N.J.L. 259, 187 A. 361 (1936).
 We hold therefore that the appel-lees, Mr. and Mrs. Stanford, were not es-topped to plead and sustain by evidence the fact that the appellant-lender violated the Small Loan Regulatory Act by not delivering to the borrowers the written statement required by the statute. We are also of the opinion that since the appellant-lender offered no proof to show “due care” after the borrowers, Mr. and Mrs. Stanford, had proven that they did not receive the required statement, the appellees were entitled to a directed verdict in their favor. 88 C.J.S. Trial § 210 (1955).
We do not deem it necessary to discuss the other assignments of error set out in appellant’s brief since we are of the opinion that the judgment of the trial court in favor of appellees was proper.
The judgment of the trial court is affirmed.
Affirmed.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.
JONES, J., concurs in the results and dissents in part.
ETHRIDGE, C. J., GILLESPIE, P. J., and BRADY, J., dissent.

. Personal Fin. Co. of New York v. Lyons, 128 Conn. 254, 21 A.2d 652 (1941); New Italian Co-op. Co. v. Magliocco, 127 Conn. 521, 18 A.2d 368 (1941); Atta v. Bergin, 120 Conn. 152, 180 A. 298 (1935); Nicotera Loan Corp. v. Gallagher, 115 Conn. 102, 160 A. 426 (1932); Kothchild v. Citizens Loan Co., 102 Ind.App. 397, 2 N.E.2d 810 (1936); Wells v. Indianapolis Co., 88 Ind.App. 231, 161 N.E. 687 (1928) ; Industrial Loan Co. of Monroe v. Noe, 183 So. 175 (La.App.1938); Morris Plan Corp. of New Jersey v. Leschinsky, 12 N.J.Misc. 1, 169 A. 357 (1933), 113 N.J.L. 414, 174 A. 729 (1934); Morris Plan Corp. of New Jersey v. Schwartz, 8 N.J.Misc. 417, 150 A. 390 (1930); Consolidated Plan of New Jersey v. Shanholtz, 7 N.J.Misc. 876, 147 A. 401 (1929); Randisi v. Household Pin. Corp., 269 App.Div. 975, 58 N.Y.S.2d 406 (1945); Rimpotti v. Household Fin. Corp., 179 Misc. 544, 40 N.Y.S.2d 171 (1943); Rosenblum v. Family Fin. Corp., 179 Misc. 1050, 39 N.Y.S.2d 230 (1942); Family Fin. Corp. v. McNeilage, 178 Misc. 263, 33 N.Y.S.2d 547 (1942); Family Fin. Corp. v. Miick, 176 Misc. 753, 28 N.Y.S.2d 830 (1941); 58 C.J.S. Money Lenders § 5 (1948).

. In an analogous situation the courts have consistently held that a provision in a note that it shall not he construed so as to provide any charge in excess of that permitted by the Small Loan Regulatory Act does not save the note if it would otherwise be invalid because the provisions in the note are in violation of legal charges. Richmond v. Conservative Credit System, 10 N.J.Misc. 14, 157 A. 446 (1931); Consolidated Plan of New Jersey v. Shanholtz, 7 N.J.Misc. 876, 147 A. 401 (1929); Ulin v. Walowitz, 147 Misc. 724, 265 N.Y.S. 745 (1933).

. Di Nome v. Personal Fin. Co., 291 N.Y. 250, 52 N.E.2d 117 (1943); Personal Fin. Co. of New York v. Gross, 170 Misc. 166, 9 N.Y.S.2d 801 (1939).