NORTH HUDSON LOAN COMPANY, A CORPORATION, PLAIN-
TIFF, v. ESTHER ROTH, LOUIS KASSOFF AND PHILIP
MOSKOWITZ, DEFENDANTS.

Submitted October 15, 1926—Decided March 23, 1927.

**Promissory Notes—Endorsement—Note Made in Connection With
Act of 1914 Relating to Making of Small Loans—Endorser
Alleges That Statement Required by the Act was Not Made
by the Plaintiff Company—Testimony Examined and Held,
That There is Not Proof That it was Not Furnished—Judg-
ment For the Plaintiff Affirmed.**

On appeal from the First District Court of Hudson county.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the plaintiff-respondent, *Carl Weitz.*

For the defendant-appellant Louis Kassoff, *William F.
Burke.*

For the defendant Philip Moskowitz, *Samuel Harber.*

PER CURIAM.

There was a judgment for the plaintiff, the North Hudson
Loan Company, in the District Court of the First Judicial
District of Hudson county, and one of the defendants, Louis
Kassoff, appeals.

The action was on a promissory note made by Esther
Roth and purporting to bear the endorsement of Kassoff,
Wolff Levin and Philip Moskowitz. Levin was not sued.
Esther Roth was not found, and the case proceeded to trial
against Kassoff and Moskowitz.

Kassoff denied his endorsement but the jury found to the
contrary.

The errors alleged on this appeal are the refusal of the
court to direct a verdict in favor of the defendant Kassoff

at the conclusion of the proofs, and in its permitting certain cross-examination of one of plaintiff's witnesses by counsel for the defendant Moskowitz.

The plaintiff in the action is a loan company organized and licensed under chapter 75 of the laws of 1914, entitled "An act to define, regulate and control the business of the making of loans or advancements of money in sums of $300 or less in amount," &c., the fifth section of which provides that the licensee making a loan shall "furnish to the borrower at the time the loan is made a statement in the English language showing in clear and distinct terms the amount of the loan" and certain other details.

The sixth section declares violation of any provision of the act a misdemeanor and that the loan shall be null and void.

It was contended on the motion for direction, and is contended here, that it appears from the evidence that the statement required by the act was not furnished, and that therefore defendant's motion should have been granted.

There was, of course, no presumption that the statement was not furnished by the lending company, nor do we think it so clearly appears from the proofs as to require a finding by the court as a matter of law that it was not so furnished. It is true defendant's counsel by a series of questions (carefully concealing his real purpose) repeatedly asked Burstyn, a witness for the plaintiff, and who negotiated with the maker of the note, what took place at the time the loan was made and received replies which did not include the giving of the statement required by the act, but at no time was the attention of the witness directed to the giving or withholding of a statement. On the contrary, counsel cautiously refrained from asking the direct question, evidently fearing he would get the answer he did not want. We think in consequence the refusal of the motion for direction was justified.

On the second point it is sufficient to say that Moskowitz was a co-defendant and it was the right of his counsel to cross-examine the plaintiff's witnesses.

The judgment is affirmed.