MORRIS LANGER, PLAINTIFF-RESPONDENT, v. MORRIS PLAN CORPORATION OF NEW JERSEY, A CORPORATION, DEFENDANT-APPELLANT.

Argued October 7, 1931—Decided January 20, 1932.

Before Justices CAMPBELL, LLOYD and BODINE.

For the defendant-appellant, *Green & Green*.

For the plaintiff-respondent, *Morris Isserman*.

PER CURIAM.

The defendant appeals from a judgment in favor of the plaintiff in the sum of $165. On November 25th, 1929, plaintiff gave defendant his note in the principal sum of $300, to which was added $30 for interest, making a total of $330, and agreed to repay the same at the rate of $33 each and every month thereafter. Having paid $165 on account of said note, the plaintiff sought to recover the amount so paid under section 6 of chapter 49 (*Pamph. L.* 1914), alleging that the transaction violated section 5 of that act as amended. The District Court gave judgment in favor of the plaintiff relying upon *Morris Plan Corporation of New Jersey* v. *Schwartz*, 150 *Atl. Rep.* 390. The case of *Consolidated Plan of New Jersey* v. *Shanholtz*, 147 *Id.* 401; 7 *N. J. Mis. R.* 876; *affirmed*, 107 *N. J. L.* 517, also seems controlling.

Chapter 49, *Pamph. L.* 1914, was amended by chapter 251 *Pamph. L.* 1928, and section 8 of the amendatory act provides that its provisions shall not apply to any loan greater than for the principal sum of $300.

The appellant contends that the principal sum of the note signed by the plaintiff was $330. We do not so read the note. The note upon the upper left-hand corner of its face bears the words "principal" and the figures $300; "interest" and the figures $30, making a total of $330. Obviously, the note was not for a principal sum in excess of $300. A copy of the note was annexed to the state of demand and the facts and statements as therein appearing are controlling.

It is sufficient perhaps to notice that the defendant company did that which it was not permitted to do under section 5 of the act, as amended (*Pamph. L.* 1928, *ch.* 251). That act provides, in part, as follows: "No such licensee shall charge or receive of the borrower * * * a greater rate of interest than three per centum per month. Such interest shall not be payable in advance and shall be computed on unpaid balances." Although the amount of interest exacted was less than three per cent. the act provides that interest shall not be payable in advance and shall be computed on unpaid balances. The loan company could have complied with the statute had they desired so to do. Since the note given violates both the spirit and the law of the statute, the plaintiff was entitled to recover.

The judgment is affirmed, with costs.