MORRIS LANGER, PLAINTIFF-RESPONDENT, v. MORRIS PLAN CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued October 19, 1932—Decided January 31, 1933.

For the appellant, *Green & Green, R. Randolph Hicks* and *William C. Scott* (of the New York bar).

For the respondent, *Morris Isserman* and *Abraham J. Isserman.*

The opinion of the court was delivered by

DONGES, J. This appeal brings up a judgment of the Supreme Court affirming a judgment in favor of the plaintiff-respondent secured in the First District Court of the city of Newark for $165, being the amount which the plaintiff had theretofore paid to the defendant-appellant on account of a certain note which was annexed to the state of demand, which the plaintiff-respondent alleges was void and of no effect as being in violation of section 5 of chapter 49 of the laws of 1914, known as the Small Loan act.

The note in question appears to evidence the promise to pay the sum of $330 as follows, as appears on the face of the note:

"Principal      $300
 Interest·        30
 Total          330

Newark, N. J., Nov. 25, 1929.

For value received, we, jointly and severally promise to pay to the order of The Morris Plan Corporation of New Jersey, at its office in the city of Newark, the sum of three hundred and thirty dollars, in amounts as follows: $33 a month after date and the balance in nine equal successive monthly installments of $33 each on the same day of each month beginning two months after the date hereof, with interest on each installment after its maturity at the rate of 3% per month.

If any installment of this note is not paid at the time specified herein, the entire amount unpaid shall become due and payable forthwith at the election of the holder of the note.

Each of the undersigned and each of the endorsers on the back hereof hereby waives presentment, demand, protest and notice of demand, protest and non-payment and each of the

undersigned hereby assents to the subsequent addition of any signature above or below his signature.

Any payments on principal and interest made after default, shall not be deemed a waiver of the rights which the holder may have against the maker, co-maker, endorsers and guarantors by reason of such default, and the co-makers, endorsers and guarantors hereby authorize the corporation to accept payments on principal and interest after default. The co-makers, endorsers and gauarantors hereby agree to the extension or renewal of this note, and agree that their liability shall continue until this note and all interest is paid in full and satisfied.

The undersigned, endorsers and guarantors hereby authorize irrevocably any attorney-at-law to appear in any court of record in the United States and waive the issue and service of process and confess a judgment against the undersigned, endorsers and guarantors in favor of the holder hereof, for such amount as may appear to be unpaid hereon after maturity, together with costs and reasonable attorney's fees, and release all errors and waive all right of appeal."

The Supreme Court found that the note was .in violation of the statute, which permits loans up to $300 and no more, and which provides further that no licensee shall charge or receive "a greater rate of interest than three per cent. per month; such interest shall not be payable in advance and shall be computed on unpaid balances." *Pamph. L.* 1928, p. 497.

The Supreme Court found that the note in question was in violation of section 5 of said act and that under section 6 of the act, the borrower was entitled to have back any moneys paid on such loan.

Appellant argues that the note does not violate the statute because, assuming that the sum of $30 represents the amount of interest to be collected according to the face of the note, such sum is less than the rate permitted to be charged monthly, namely three per cent. average for the term.

The note provides for the payment of the principal and interest in installments of $33 per month, $30 of which is

apparently on account of principal and $3 on account of interest. This would appear to work out as follows: for the first month about one per cent. for interest, the rate increasing each month until for the eighth month the rate would be about three and one-third per cent., and for the ninth month the rate would be five per cent., and for the tenth month the rate would be ten per cent., computed in each case on the balance of the principal due at such payment periods.

The note further provides that in the event of default at the time specified, the entire amount unpaid shall become due and payable forthwith at the election of the holder of the note. It is further provided in the first clause of the note that it is to be payable $33 one month after date, and the balance in nine equal successive monthly installments of $33 each on the same day of each month beginning two months after date "with interest on each installment after its maturity at the rate of three per cent. per month."

It would thus appear that the lender at its option, might declare the entire amount due after failure to pay at the end of the first month, and from the terms of the note collect the sum of $330 with interest on the unpaid balance, which, of course, would include interest on interest. Likewise it is provided that there shall be interest on each installment after maturity at the rate of three per cent. a month, which would permit the collection of interest not only on the principal sum, but interest on unpaid interest after default.

Upon both of these grounds it would appear there is a violation of the statute, putting it in the power of the lender, by the terms of the note, to exact more than three per cent. per month on unpaid balances only.

The vice of the note is that it permits compounding of interest and puts it in the power of the lender to receive more than three per cent. if it saw fit to exact payment of the $300 as the note provides. It might exact, after default, more than is due at the time of such default, together with a compounding of interest, as above stated. Thus, if a default occurred upon the due date of the first payment, the lender could declare the entire sum of $330 due, and could thereafter charge

three per cent. per month on that sum. One month after default the borrower would be compelled to pay three per cent. or $9.90 plus the original sum of $330 to fulfill the obligation. Thus the sum of $39.90 would be paid for the use of $330 for two months. The maximum allowed by the statute would amount to $18 for two months.

The judgment under review is affirmed, with costs.

*For affirmance*—TRENCHARD, PARKER, CASE, DONGES, BROGAN, KAYS, HETFIELD, WELLS, KERNEY, JJ. 9.

*For reversal*—None.