## FRED B. MASON v. CITY FINANCE CO.

151 So. 521.
Opinion Filed Dec. 1, 1933.

*James R. Cooper,* for Appellant;

*Evans & Mershon, DeBlois Milledge.* and *L. L. Robinson,* for Appellee.

DAVIS, C. J.—Appellee is a "small loan" company licensed to do business in this State under the provisions of Chapter 10177, Acts of 1925, Sec. 3999-4017, C. G. L. 1927. This suit was brought by appellee as complainant in the court below, to foreclose a chattel mortgage executed by the defendant, Fred B. Mason, to the "small loan" company to secure payment of a promissory note in the sum of $225.00 with interest. From an order overruling defendant's demurrer to the complainant's amended bill, this appeal was taken.

The chattel mortgage attached to the bill of complaint and made a part thereof contained the following provision which is pertinent to this controversy:

" 'Upon any default in payment or breach of condition or covenant herein made by the Borrower, or in case the

Borrower is adjudged a bankrupt or ever has any execution levied on his goods, or suffers any act which may prejudice the Lender's rights *or if the Lender shall deem the security* FOR THE PAYMENT OF THE SAID NOTES INTENDED TO BE AFFORDED HEREBY INSUFFICIENT OR UNSAFE, the Borrower shall on demand of the Lender forthwith deliver the automobile in as good condition as when accepted by the Lender for the loan thereon (ordinary wear and tear excepted) to Lender, and should Borrower fail or refuse upon such demand to deliver the automobile as aforesaid to Lender, the Borrower agrees that the Lender shall have the right without any further notice or demand forthwith to take possession of the automobile wherever found, and for such purpose BORROWER HEREBY LICENSES AND AUTHORIZES LENDER TO ENTER ANY PREMISES OF THE BORROWER WITH OR WITHOUT FORCE OR PROCESS OF LAW, AND FORTHWITH TAKE POSSESSION OF THE AUTOMOBILE. If Lender shall so take possession of the automobile by reason of any default or breach hereof or with respect to said notes by Borrower, Borrower agrees that all payments made by the Borrower with respect to the indebtedness represented by said notes shall belong to and be retained by the Lender, as liquidated damages for the non-fulfillment or breach of performance of this agreement, for loss in value with respect to the automobile, and for the rental value thereof. Lender may at option, by collection suit or otherwise, enforce payment of said notes, and no suit or legal proceedings with respect thereto shall, however, be deemed any waiver of said right of Lender to take possession of automobile on default or breach as aforesaid. Upon the Lender so taking possession of the automobile, Lender may SELL THE AUTOMOBILE AT PUBLIC OR PRIVATE SALE AT ANY TIME THEREAFTER WITHOUT NOTICE TO THE BORROWER, AND IF UPON SUCH

Sale the Proceeds Thereof Are Insufficient to Pay the Sums Remaining Unpaid With Respect to Said Notes, and the expense Caused by Such Repossession, Removal, Reparation, Storage, Liens and Sales, Any Deficiency Shall Be Paid by the Borrower.' "

The contention of the appellant (mortgagor) in this case is that the provision of the mortgage above quoted amounts to a violation of Sections 13 and 15 of Chapter 10177, Acts of 1925 (the Small Loan Law)* in at least two particulars: (1) an unlawful charge contracted for in addition to the interest of 3½% per month or 42% per annum allowed to be charged; (2) includes a power of attorney to sell the mortgaged automobile to satisfy the debt before maturity in the event the lender deems the security insufficient or unsafe.

Assuming that the obligation does, in law and in fact, contain a power of attorney in violation of Section 15 as

---

*Section 13. Every person, co-partnership and corporation licensed hereunder may loan any sum of money not exceeding in amount the sum of Three Hundred ($300.00) Dollars and may charge, contract for and receive thereon at a rate not to exceed three and one-half (3½) per centum per month. Interest shall not be payable in advance or compounded and shall be computed on unpaid balances. In addition to the interest herein provided for, no further or other charges or amount whatsoever for any examination, service, brokerage, commission or other thing or otherwise shall be directly or indirectly charged, contracted for or received, except the lawful fees, if any, actually and necessarily paid out by the licensee to any public officer for filing or recording or releasing in any public office, any instrument securing the loan, which fees may be collected when the loan is made or at any time thereafter. If interest or charges in excess of those permitted by this Act shall be charged, contracted for or received, the contract or loan shall be void and the licensee shall have no right to collect or receive any principal, interest or charges whatsoever.

asserted, it does not follow therefrom that the mortgage is void or unenforceable in other respects. The only effect of such an unlawful inclusion of a confession of judgment or power of attorney would be to render that particular part of the contract invalid and consequently void and unenforceable, without invalidating the loan itself if the loan be otherwise good. And since no point is necessarily involved in this case calling for an enforcement in the present suit, of the alleged unlawful power of sale contained in the mortgage sued on, we remit the determination of the question raised as to the proposition of the validity of such a provision, to future consideration and decision when the circumstances of the case require it.

The purpose of the 1925 statute was to provide a special classification for money lenders licensed under the Act to make loans in amounts of less than three hundred dollars, and to limit the maximum charge they might take from the borrower for the money contracted to be lent, to a sum not

(a) No licensee shall directly or indirectly charge, contract for or receive any interest or consideration greater than ten percentum (10%) per annum upon the loan, use or forbearance of money, goods, or things in action, or upon the loan, use or sale of credit, of the amount or value of more than Three Hundred ($300.00) Dollars. The foregoing prohibition shall also apply to any licensee who permits any person, as borrower, or as endorser, guarantor, or surety for any borrower, or otherwise, to owe directly or contingently or both to the licensee at any time the sum of more than Three Hundred ($300.00) Dollars for principal.

Sec. 15. No licensee shall take any confession of judgment or any power of attorney. Nor shall he take any note, promise to pay or security that does not state the actual amount of the loan, the time for which it is made, and the rate of interest charged, nor any instrument in which blanks are left to be filled after execution.

exceeding 3½% per month, or 42% per year *before maturity of the loan.*

Under the mortgage in controversy in the present case, it is contended by appellant that the mortgage is void under Section 13 of the Act because it provides in terms that *before maturity of the loan, and prior to any default in the payment of the loan,* the lender may, if he deems the security for the loan "insufficient or unsafe," take possession of the mortgage security, sell the same, and after charging the expense of such taking possession to the borrower, hold the borrower personally liable for a deficiency.

If such is the sound construction of the contract, the appellant's contention must prevail. But we do not so construe the provision in question. On the contrary, the provision complained of is to the effect that only upon the lender "so" taking possession of the automobile, which as to this particular clause must be after default or by reason of a breach of the terms of the contract with respect to the agreed protection and preservation of the security, is the seizor authorized to sell the same and apply the proceeds on the debt after payment of the expenses incident thereto.

Such a provision is therefore not a violation of Section 13 of the Act, since the effect of Section 13 is not to prohibit agreements in small loan contracts, providing for the payment of attorney's fees, costs of collection and expenses incident to subjecting the security to satisfaction of the debt only after default, and when done merely as an incident to enforcing collection of the amounts past due at the time the property is taken possession of for that purpose. Automobile Security Corp. v. Randazza, 17 La. App. 489, 135 Sou. Rep. 45. Compare: Davis Loan Co. v. Blanchard, 14 La. App. 671, 129 Sou. Rep. 413, 130 Sou. Rep. 472;

Seaboard Securities Co. v. Jones, 40 Ga. App. 710, 151 S. E. Rep. 412, and cases cited.

A chattel mortgage in this State may provide for the mortgaged chattel to remain in the possession of the mortgagor (as is usually the case) or it may contemplate that the mortgaged property shall be delivered over to the mortgagee by way of a specific pledge to be held in the possession of such mortgagee until the debt is discharged. Our statutes affirmatively recognize this by requiring chattel mortgages of the first mentioned class, but not of the second class, to be recorded in order to bind subsequent purchasers and creditors without notice. See Section 5726 C. G. L., 3838 R. G. S.

So by the same token a chattel mortgage which at its inception contemplates that the mortgaged chattel shall remain in the possession of the mortgagor, may contain in addition to that express or implied condition, a positive contractual covenant to the effect that if the lender deem the security "insufficient or insecure" before maturity, he shall have the right in that event to take possession of the mortgaged chattel in order to hold, protect and preserve it. So long as such taking of possession is done in good faith, and is not accompanied by any charge, deduction or other expense attempted to be exacted from the borrower for so doing in that instance, it cannot be said that the mere provision in the contract by which such a seizure and taking into possession is contractually authorized, constitutes *per se* a violation of Section 13 of Chapter 10177, *supra,* as an illegal charge.

In the present case the provision of the mortgage to the effect that "if the lender shall deem the security for the payment of the said notes intended to be afforded hereby insufficient or unsafe, the borrower shall on demand of the

lender deliver the automobile * * * and should borrower fail or refuse upon such demand to deliver the automobile as aforesaid to lender, the borrower agrees that lender shall have the right * * * to take possession of the automobile wherever found, etc.," is in a separate sentence completely disconnected from the following sentence which is the one authorizing the seizure and sale of the mortgaged property after default or breach. And being separated from what follows, it must be construed as merely authorizing the mortgagee, for his own protection, when in good faith he deems his security "insufficient or unsafe," to take and hold possession of the mortgaged chattel merely as a pledge, until the mortgage matures and be duly paid, or it be legally foreclosed in due course of procedure.

It follows from what has been said that the mortgage on its face was not unenforceable. So the demurrer to the amended bill of complaint brought to foreclose it was properly overruled.

If unlawful demands, charges or exactions *de hors* the face of the mortgage itself have been perpetrated under guise of a contrary construction of the mortgage by the lender in violation of Section 13 of the Statute, so as to render void the obligation under that Section, such invalidity must be set up as an affirmative defense in an answer, and duly established by proofs in order to avail defendant.

Affirmed and remanded with leave to answer within such time as the Chancellor shall allow after filing of the mandate.

WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., absent and not participating because of illness.