MORRIS PLAN CORPORATION OF NEW JERSEY, APPEL-
LANT, v. NAT LESCHINSKY, I. RAE RACHLES AND
MORRIS BERNSTEIN, APPELLEES.

Argued October 3, 1933—Decided December 12, 1933.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Charles Blume.*

For the respondent, *Joseph B. Stadtmauer.*

PER CURIAM.

The case arises under the so-called "Small Loan act" of
1914 as amended, and particularly section 5. *Pamph. L.*
1914, *p.* 78; *Pamph. L.* 1928, *p.* 497; *Pamph. L.* 1929, *p.*
685. The note sued on was dated May 17th, 1930, and is
signed by all three defendants, promising jointly and sev-
erally. After eight months the payments stopped, the plain-
tiff called the balance and brought suit, and defendants
counter-claimed for the return of payments made, pursuant

to section 6. See *Langer* v. *Morris Plan Co.*, 10 *N. J. Mis. R.* 128; *158 Atl. Rep.* 325; *affirmed,* 110 *N. J. L.* 186; 164 *Atl. Rep.* 428. There was a judgment in their favor and the plaintiff appeals.

We conclude that the judgment should be affirmed. The first point made for reversal is that judgment was in favor of all three defendants, whereas the pass book put in evidence shows payments by Leschinsky alone: *e. g.,* he was the "borrower" and judgment could be for him alone. We are not impressed with the argument, in view of the fact that all three signed as joint makers and were sued as such.

The second point it is not necessary to decide. The third is that it was error to hold that the plaintiff failed to furnish the borrower with the "statement" required by statute. But the "statement of payments or pass book" was put in evidence over objection, which, as it stated no ground, was without legal force; and the trial proceeded to a finish without a suggestion, so far as shown by the state of the case, that any other paper was delivered by plaintiff to defendants or any of them. There were motions to nonsuit, and to "direct a verdict" (*sic*—there was no jury), but no ground of either motion appears. The court obviously treated the pass book as the "statement" and so far as appears without challenge, as was made in *North Hudson Loan Co.* v. *Roth,* 5 *N. J. Mis. R.* 409; 136 *Atl. Rep.* 712, cited for appellant. Moreover, there was a motion for new trial in the present case, in which apparently this vital point was not even alluded to. We conclude that the parties at the trial treated the pass book as the only "statement" there was. That document contained no copy of the statute; did not show the date when the loan was made; or the amount of the loan; or the amount and rate of interest charged. All these particulars are required by the statute. The counter-claim was consequently well founded, the loan was void under section 6, and the judgment on the counter-claim was right, and will be affirmed.