PERSONAL FINANCE COMPANY OF NEW YORK *v.*
DONALD J. LYONS ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued June 3—decided July 22, 1941.

*Thomas A. Grimes,* with whom were *Frederick C. Hesselmeyer* and, on the brief, *Lewis R. Whitehead* and *John M. Chapnick,* for the appellant (plaintiff).

No appearance for the appellees (defendants).

MALTBIE, C. J.  The plaintiff is a corporation organized under the laws of New York and licensed to lend money under the provisions of § 340 ff of the banking law of the state.  4 McKinney's Consolidated Laws of New York 580.  In the complaint it is alleged that the defendants, by their promissory note, jointly and severally promised to pay to it the sum of $250 in partial payments with interest; that the note contained a provision that if default should be made in the payment of any instalment of principal or interest it should immediately thereafter become due and payable without further notice; and that such a default had occurred. A second count was added based upon a claim that the loan had been secured by fraudulent representations, but it is not necessary to consider any issues arising under that count.  The defendants pleaded specially in their answer that the plaintiff failed to comply with the provisions of the statutes of New York concerning loans.  Section 352 of the banking law states various restrictions as to loans of $300 or less.  Section 353 requires that the licensee shall deliver to "the borrower" at the time any loan is made a statement upon which there shall be a printed copy of § 352 in the English language, showing in clear and distinct terms the amount and date of the loan and its maturity, the nature of the security, if any, for the loan, the name and address of the borrower and the licensee, and the agreed rate of charge; and it also provides that no licensee shall "take any confession of judgment or any power of attorney."  Section 358 provides that any person violating any of the provisions of certain sections of the statute, including § 353, shall be guilty of a misdemeanor, and that any contract of loan not invalid for any other reason, in the making or collec-

tion of which any act shall have been done which constitutes a misdemeanor under the section, shall be void and the lender shall have no right to collect or receive any principal, interest or charges whatsoever.

The trial court found that the defendants had borrowed $250 from the plaintiff as evidenced by their note; that there had been a default in making the payments required; that a certain amount was due on it at the time of trial; that at the time the loan was made the defendants executed and delivered to the plaintiff as security a chattel mortgage and wage assignment; that at that time the plaintiff gave to the defendant Donald J. Lyons a copy of the note and of the mortgage and a passbook in which to record monthly payments; that the defendant Mary E. Lyons received no papers at all at the time the loan was made; that the plaintiff introduced no evidence to show that either of the defendants received, at the time of the loan, such a statement as that required by §353 of the statute; and that in fact the plaintiff did not deliver to either of them such a statement. The chattel mortgage which the court found was delivered when the loan was made provided that if default should be made in payment of the debt or interest charges according to the term of the note secured, or if certain other contingencies occurred, the entire amount, at the option of the mortgagee, should become due and payable at once, "and the Mortgagee, its agents, successors and assigns, are hereby authorized in such event to sell all or any part of such personal property with or without notice for cash at private sale or public auction for the best price it can reasonably obtain"; also that the mortgagee might buy at such sale; and that the property might be sold in bulk or in parcels or so much thereof as might satisfy the debt, interest charges and lawful expenses of sale, with a

right in the mortgagee, its successors and assigns, to retain such amounts out of the proceeds, the surplus to be returned to the mortgagors; and the mortgagee, its agents, successors and assigns, were authorized to enter upon the premises of the mortgagors or any place where the personal property or any part of it might be found and take possession of and dispose of it as provided in the instrument. The trial court concluded that the provisions of the mortgage amounted to a power of attorney, and that the taking of this power of attorney, as well as failure to give each of the defendants a statement in accordance with § 353 of the statute, made the note void. From a judgment for the defendants the plaintiff has appealed.

The trial court decided the case upon the basis that the right of the plaintiff to recover must be determined under the laws of New York. In that state a mortgagee of personal property, after default made by the mortgagor, becomes the absolute owner of the property, subject, however, to a right of redemption remaining in the mortgagor; this right is an equity, to be enforced only in an equitable action; and it may be terminated either by a valid sale of property under the provisions of the mortgage or by foreclosure. *Harrison* v. *Hall,* 239 N. Y. 51, 52, 145 N. E. 737; *Barrett Mfg. Co.* v. *Van Ronk,* 212 N. Y. 90, 94, 105 N. E. 811; *Casserly* v. *Witherbee,* 119 N. Y. 522, 526, 23 N. E. 1000; *Bragelman* v. *Daue,* 69 N. Y. 69, 74; *Chamberlain* v. *Martin,* 43 Barb. (N. Y.) 607, 610; *Dane* v. *Mallory,* 16 Barb. (N. Y.) 46, 50; *Stoddard* v. *Denison,* 38 How. Pr. (N. Y.) 296, 304; *Porter* v. *Parmly,* 43 How. Pr. (N. Y.) 445, 454. It follows that when, after default, a mortgagee sells property under a power of sale contained in the mortgage, he sells it as his own and not as agent of the mortgagor, the effect as regards the mortgagor being merely to cut

off his equity of redemption. The right to sell provided in the mortgage is not, therefore, in the nature of a power of attorney. The situation is thus defined in *Olcott* v. *Tioga Rail Road Co.,* 40 Barb. (N. Y.) 179, 191, cited as authority in *Harrison* v. *Hall,* supra: "The mortgagee [of personal property] has the legal title from the beginning, which is rendered absolute and indefeasible at law by the failure to pay the debt, and the power of sale after the debt has become due and the title fixed and absolute, so far from being a power to be exercised for the benefit and advantage of the mortgagor, is generally given wholly for the benefit of the mortgagee, and for the purpose merely of fixing the *price or value* of the chattels to be applied upon the debt. It is given to the owner of the property, to be exercised at his option. The object of a notice of the sale is to enable the mortgagor to attend and see that the best possible price is obtained, and then if the mortgagee is the highest bidder his purchase is beneficial instead of being injurious to the mortgagor. But in no sense is this power in the nature of an agency or trust; it is a simple arrangement in the nature of an agreement by which the mortgagee may determine the price of the chattels in case he elects not to keep them in satisfaction of the debt, if they should prove to be of sufficient value for that purpose, or not to keep them with the value undetermined, and to be fixed thereafter by litigation or otherwise. The property was sold by the owners when the mortgage was executed and delivered, . . . ." The trial court was in error in concluding that the provisions of the mortgage constituted a violation of the prohibition against the lender taking a power of attorney.

The defendants are husband and wife. The exhibits attached to the finding show that both signed the application for the loan, the note, which was a joint and

several obligation, and a chattel mortgage given as security for it. The trial court has found that both borrowed the sum represented by the note. The plaintiff attacks this finding on the ground that the husband was the actual borrower and the wife merely an accommodation party, its claim being that the requirement that a statement be given "the borrower" does not require that it be given to an accommodation party. Upon the record before us we cannot hold, as matter of law, that the wife was merely an accommodation party. The plaintiff's claim, however, involves a broader proposition which would be presented should the trial court find that both were actual borrowers. That question is whether, under such circumstances, the statement required by the statute must be given to both. This is not a situation where rights may be directly affected by the giving or failing to give the required statement to the "borrower." In *Atta* v. *Bergin,* 120 Conn. 152, 180 Atl. 298, we said (p. 155): ". . . it is obvious that the reason for the requirement of the statement is to inform the borrower and, through him, his co-makers, of the time or times when he or they may be called upon to pay the note in whole or in part. . . ." It is true that, in that case, the co-makers were apparently accommodation parties. In the only New York decision which has been cited to us or we have been able to find at all relevant to the question before us, one made by the Municipal Court of the city of Syracuse, on December 9, 1940, in the case of *Domestic Finance Corp.* v. *Czerwinski,* it was held that notice to an accommodation party was not required; and the same conclusion was reached in *Trustees System Co.* v. *Stoll,* 13 N. J. Misc. 490. There seems as sound reason for holding that where two or more persons borrow money from a small loan company, sign a note obligating them

jointly and severally, and with their express or implied consent, a single passbook is issued in their joint names, a statement complying with the requirements of the statute given to the one to whom the passbook is delivered, is sufficient. In *Rothchild* v. *Citizens Loan Co.*, 102 Ind. App. 397, 401, 2 N. E. (2d) 810, it was, as far as the report of the case shows, so held. The cases we have had involving such loans indicate that it is more or less common practice to use a form of statement printed in, or upon the cover of, the passbook; this certainly would be a very proper method; and where it is done, the delivery of the passbook to one of the borrows with the consent of the other, would clearly be sufficient. Where the statement is given to one of two signers of the note representing the loan, with the consent of the other, the one receiving the statement becomes in effect the agent of the other for the purpose of receiving it. *Northern Illinois Coal Corp.* v. *Cryder,* 361 Ill. 274, 287, 197 N. E. 750. If, then, in this case, a statement complying with the statute was given to the husband, it would be sufficient.

The only evidence as to the husband is that he was given a copy of the note and one of the mortgage and a passbook in which to record payments; the passbook was not put in evidence, and consequently it is left entirely uncertain whether there was printed in it such a statement as the statute requires. The finding of the trial court that no such statement was given to him is without support in evidence. The illegality of a recovery by the plaintiff did not appear on the face of the complaint, and any facts claimed to establish it were required to be affirmatively pleaded in the answer; Practice Book, § 104; *Wiggin* v. *Federal Stock & Grain Co.,* 77 Conn. 507, 514, 59 Atl. 607; *Pothier* v. *Reid Air Spring Co.,* 103 Conn. 380, 387, 130 Atl. 383.

The burden of proof was on the defendants and in the absence of proof that the required statement was not given they cannot prevail on such a defense. *Mercer Electric Mfg. Co.* v. *Connecticut Electric Mfg. Co.*, 87 Conn. 691, 697, 89 Atl. 909; *Hartford* v. *Connecticut Co.*, 107 Conn. 312, 329, 140 Atl. 734; *Mason* v. *City Finance Co.*, 113 Fla. 73, 80, 151 So. 521; *North Hudson Loan Co.* v. *Roth*, 5 N. J. Misc. 409, 410, 136 Atl. 712.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.