114 So.2d 463 (1959)
JACKSONVILLE TRACTOR COMPANY, Inc., a corporation, Appellant,
v.
Charles S. NASWORTHY and R.A. Nasworthy, Appellees.
No. B-42.
District Court of Appeal of Florida. First District.
September 22, 1959.
Boggs, Blalock & Holbrook, Jacksonville, for appellant.
*464 Carl G. Swanson, Jacksonville, for appellees.
STURGIS, Judge.
This is an appeal from a judgment for appellees, plaintiffs below, in an action for conversion of a farm rake and consequential damages.
The rake was subject to a conditional sales contract in favor of appellant, the seller, which contains the following provisions, inter alia:
"If * * * seller deems himself insecure or the property in danger of misuse or confiscation (of which Seller shall be the sole judge), * * * seller * * * may * * * retake possession of said property, with or without process of law, and for this purpose may enter any premises where said property may be found and remove same."
The primary point for determination is whether, under the terms of the contract and in the light of defendant's uncontradicted testimony to the effect that it "deemed itself insecure," it was incumbent on the trial court to grant defendant's motion for directed verdict, made at the close of all the evidence.
By denial of defendant's motion for a directed verdict and by the adequate, though brief, charges to the jury, the trial court held, in effect, that the provision of the contract by which the seller was declared to be "sole judge" of whether it was secure under the contract did not vest absolute discretion in the seller, but presented a question of fact to be resolved by the jury. As to the provision of the contract by which the right of repossession was said to exist if the "seller deems itself insecure," the court charged the jury as follows:
"That is a good clause in the contract and has been held so many times and is binding, and the question there would be * * * if the defendant was justified in feeling insecure because of the conditions and the facts and the conduct of the other parties.
"The question would be what would an ordinarily careful and prudent man conclude from the circumstances such as they were.
"A good many things have been testified to which will bear on that question. It is for you to solve that problem and tell whether the defendant actually was insecure or actually felt insecure and was justified in believing himself to be insecure."
And again:
"At the request of the defendant, the Court charges you that if you find from the evidence that under the term of the contract between plaintiffs and defendant, the defendant in good faith deemed himself insecure in the matter of the debt involved in the contract, and that the repossession accomplished by the defendant on August 13, 1956, was accomplished as a result of a feeling in good faith on the part of the defendant, then in that event, you must return a verdict for the defendant because the contract provides in part that if the seller deems himself insecure on the property, or the property is in danger of misuse or  of which the seller should be the sole judge, the seller or his assignee or his agent may retake possession of the property, with or without process of law, and for this purpose may enter any premises where this property is to be found and remove the same."
Florida courts of appeal have not spoken on the question of whether the seller, under a conditional sales contract containing the provision in suit, has the arbitrary right to repossess the property if he develops a sense of insecurity. However, appellant cites Mason v. City Finance Co., 1933, 113 Fla. 73, 151 So. 521, 523, which was a suit to foreclose a chattel mortgage that contained *465 a provision to the effect that the latter had the right to repossess the chattel in the event he should "deem the security for the payment * * * to be * * * insufficient or unsafe * * *." In holding the provision enforceable our Supreme Court said that "it [the provision] must be construed as merely authorizing the mortgagee, for his own protection, when in good faith he deems his security `insufficient or unsafe,' to take and hold possession of the mortgaged chattel merely as a pledge, until the mortgage matures and be duly paid, or it be legally foreclosed in due course of procedure." That rule of law is clearly distinguishable from the rule sought to be established by the appellant who, by jury verdict, has been found guilty of converting to its own use property subject to a conditional sales contract and causing substantial damage as an incident to the conversion.
The development of the law relating to similar provisions to that with which we are concerned is aptly stated in Commercial Credit Company v. Cain, 190 Miss. 866, 1 So.2d 776, 777:
"This so-called insecurity clause has been interpreted in such manner as to divide the decisions of the various courts into three classes: (1) Those which hold that the mortgagee is the sole judge of the issue whether the security has become endangered, and that no proof is needed beyond the fact that he has actually deemed himself unsafe and has proceeded upon that belief; (2) those which hold that the mortgagee may proceed upon such circumstances of presently apparent danger as would furnish probable cause for the belief that the security is unsafe when viewed in good faith by a man of reasonable prudence; and (3) those which hold that the danger must rest in a fact or facts of actual, ultimate existence, disregarding the appearances, however indicative of probable cause the appearances may be."
The Mississippi court followed the second view stated in its opinion, and that rule was followed by the trial court in the case on appeal. We think it best accords with logic and justice.
The provision of the contract which purports to invest the seller with arbitrary power to repossess on the basis of his state of mind veers close to affording the seller power to work a forfeiture of the purchaser's rights. Such arbitrary power is abhorred in the law and contrary to public policy.
The test of the right to repossess under a provision such as the one in suit is whether under all the facts and circumstances an ordinarily careful and prudent person would have "deemed himself insecure" in the premises. There is no ready means for one adversely affected to explore or contradict the bona fides of one who has the arbitrary right to rely exclusively on his sense of security  a pure state of mind  as justification for his action. It follows that one who exercises such contractual prerogative has the burden of presenting facts justifying its exercise. The appellant's contention to the contrary is without merit.
We take note of the fact that appellees have not furnished this court with a brief. It does not appear that their counsel of record have been discharged or that they have made any showing for failure to submit a brief. Attention is invited to the fact that such neglect imposes an inordinate burden on the appellate court and is not conducive to the best interest of the client. Briefs on appeal are expected to be furnished by the attorney for appellee in the lower court, no matter how simple the issues may appear. If any cause exists for not preparing the brief, it should be seasonably reported to this court and counsel excused.
Affirmed.
WIGGINTON, Chief Judge, and CARROLL, DONALD, J., concur.