MICHIGAN-UNIVERSAL C.I.T. CREDIT
COMPANY v. SCHAEFER.

1. PAWNBROKERS AND MONEYLENDERS—STATUTORY STATEMENT—DE-
LIVERY.

Statute regulating business of making loans of $1,000 or less
requires that lender deliver to the borrower, at the time the
loan is made, a statement containing the details of the trans-
action upon which statement there must be printed a copy
of a section of the act, specifically providing that such state-
ment be delivered to 1 of the borrowers if there are 2 or
more (CL 1948, § 493.14, as amended by PA 1963, No 103).

2. SAME—STATEMENT OF LOAN—RECEIPT—DELIVERY—EVIDENCE.

Evidence that forms of "promissory note and statement of loan"
used by moneylender were printed in triplicate, along with tes-
timony by representative of moneylender that he could not re-
member one transaction out of thousands handled but to the best
of his knowledge the customer's copy of the statement of loan
in suit was delivered to a borrower since it was the company's
policy and practice to do so, and also evidence that a receipt
was mailed to the borrower following each of 4 payments made,
2 by the borrower and 2 by an accommodation party, and evi-
dence of an acknowledgment of receipt of a copy of the statu-
tory statement of loan, distinctly set off from the rest of the
printed matter in the form and signed by both the borrower and
the accommodation party, *held,* to establish that lender fur-
nished copy of statement of loan and of receipts for payment as
required by statute, where the only evidence presented by the
accommodation party was that he did not receive a copy of the
statement or any receipt, and there was no evidence that the
borrower did not receive a copy of the statement or the receipts
(CL 1948, § 493.14, as amended by PA 1963, No 103).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4, 6] 40 Am Jur, Pawnbrokers and Moneylenders § 8 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error § 761.
[5] 50 Am Jur, Statutes § 217 *et seq.*

3. APPEAL AND ERROR—STATUTES—RECEIPT—ACCOMMODATION PARTY.

The Court of Appeals does not decide whether an accommodation party is a borrower within the meaning of the act regulating the making of loans of $1,000 or less, where resolution of the issue is not necessary to decision (CL 1948, § 493.14, as amended by PA 1963, No 103).

4. PAWNBROKERS AND MONEYLENDERS — STATUTES — RECEIPT — EVIDENCE.

Statute requiring that lenders in the business of making loans of $1,000 or less give a receipt to the borrower at the time of any payment on a loan, specifying amount applied to charges and amount applied to principal and stating the unpaid principal balance, *held*, to require delivery of such receipt to only one borrower where there are 2 or more borrowers (CL 1948, § 493.14, as amended by PA 1963, No 103).

5. STATUTES—BREVITY OF EXPRESSION.

Allowance for attempted brevity of expression must often be made in ascertaining the true intent and meaning of a statute.

6. PAWNBROKERS AND MONEYLENDERS — RECEIPT — ACCOMMODATION PARTY.

Regulatory loan act requirement that the lender give to the borrower a plain and complete receipt for all payments made on account of any loan at the time the payments are made, specifying the amount applied to charges and the amount, if any, applied to principal, and stating the unpaid principal balance, if any, of the loan, *held*, not to require that the receipt be furnished to each borrower where there is more than 1, or to the one from whom the particular payment happens to have been received (CL 1948, § 493.14, as amended by PA 1963, No 103).

Appeal from Common Pleas Court of Detroit; McNally (Gerald A.), J. Submitted Division 1 April 3, 1967, at Detroit. (Docket No. 2,307.) Decided April 2, 1968.

Complaint by Michigan-Universal C.I.T. Credit Company, a Delaware corporation, against John H. Schaefer for the balance due on a promissory note executed by defendant as an accommodation maker.

Judgment for plaintiff. Defendant appeals. Affirmed.

*McGraw, Allen, Haass & Selander (Chester C. Lawrence, of counsel), for plaintiff.*

*Bodman, Longley, Bogle, Armstrong & Dahling (James T. Heimbuch, of counsel), for defendant.*

Levin, J. The regulatory loan act of 1963, regulating the business of making loans of $1,000 or less, requires a licensed lender to deliver to the borrower (i) at the time the loan is made, a statement containing specified details of the transaction upon which statement there is required to be printed a copy of section 13 of the act, and (ii) at the time of each payment by the borrower on account of the loan, a receipt for that payment.[1]

In this suit by the plaintiff-appellee, Michigan-Universal C.I.T. Credit Company, the trial court rejected the defense of defendant-appellant, John H. Schaefer, based upon alleged noncompliance with such statutory requirements.

One Constance Wilson, a friend of Mr. Schaefer's family, and Mr. Schaefer signed a note in favor of the plaintiff in a transaction governed by the act.

---

[1] "Sec. 14. Every licensee shall:

"Deliver to the borrower, or to 1 of them if there are 2 or more, at the time any loan is made a statement (upon which there shall be printed a copy of section 13 of this act) in the English language showing in clear and distinct terms the amount and date of the loan and of its maturity, the nature of the security, if any, for the loan, the name and address of the borrower and of the licensee, and the agreed rate of charge;

"Give to the borrower a plain and complete receipt for all payments made on account of any such loan at the time such payments are made, specifying the amount applied to charges and the amount, if any, applied to principal, and stating the unpaid principal balance, if any, of such loan, an unitemized receipt may be given temporarily and within 10 days a receipt as prescribed above delivered or mailed." CL 1948, § 493.14, as amended by PA 1963, No 103 (Stat Ann 1965 Cum Supp § 23.667[14]).

The entire proceeds of the loan were paid to Mrs.
Wilson, Mr. Schaefer being an accommodation
party. PA 1962, No 174, § 3415, CL 1948, § 440.3415
[Stat Ann 1964 Rev § 19.3415]. Mrs. Wilson made
two payments to the plaintiff, and, when she failed
to make other required payments, Mr. Schaefer
made one payment of $38.24 and another of $38.50,
reducing the unpaid principal balance to $949.79, for
which amount, plus interest and costs, plaintiff re-
covered judgment in the trial court.

The original suit was against both Mrs. Wilson
and Mr. Schaefer but was discontinued against Mrs.
Wilson when plaintiff was unable to effect service.
Mr. Schaefer answered, asserting plaintiff had not
complied with the requirement that the borrower be
furnished a receipt for all payments and, at the
time of trial, was permitted to plead as an affirma-
tive defense that a statement of the loan upon which
was printed a copy of section 13 of the act was not
furnished to Mrs. Wilson or himself. Said viola-
tions of the act were asserted to render the loan
void and to preclude plaintiff from collecting prin-
cipal or interest, the defendant relying on section
19 of the act.[2]

There was evidence that the forms of "Promissory
Note and Statement of Loan" used by the plaintiff
were printed in triplicate and that the text of section
13 of the act was printed only on the customer's copy.

[2] "Sec. 19. Any person and the several members, officers, directors,
agents, and employees thereof, who shall violate or participate in
the violation of any of the provisions of sections 1, 12, 13, 14, or
18 of this act, shall be guilty of a misdemeanor, and upon conviction
thereof, shall be punished by a fine of not more than $500.00 or by
imprisonment of not more than 6 months, or by both such fine and
imprisonment in the discretion of the court.

"Any contract of loan not invalid for any other reason, in the mak-
ing or collection of which any act shall have been done which consti-
tutes a misdemeanor under this section, shall be void and the lender
shall have no right to collect or receive any principal, interest, or
charges whatsoever." CL 1948, § 493.19 (Stat Ann 1957 Rev § 23-
.667[19]).

Plaintiff's representative testified he could not remember this one transaction out of thousands handled, but, to the best of his knowledge, the customer's copy was delivered to Mrs. Wilson since it was the company's policy and practice to do so. There was evidence that a receipt was mailed to Mrs. Wilson following each of the four payments made, the two by Mrs. Wilson and the two by Mr. Schaefer. Mr. Schaefer testified he did not receive a copy of the statement or any receipt. There was no evidence that Mrs. Wilson did not receive a copy of the statement or receipts as to all four payments as required by the act.

The form "Promissory Note and Statement of Loan" signed by both Mrs. Wilson and Mr. Schaefer contains language, immediately above Mrs. Wilson's signature (beneath which appeared Mr. Schaefer's signature), acknowledging receipt of a copy of the statutorily required statement, such language of receipt being distinctly set off from the rest of the printed matter in the form.

In our opinion the plaintiff sustained whatever burden of proof it may have had.[3] Plaintiff's representatives cannot be expected independently to recall delivery of a statement to every borrower when such a large number of transactions are involved. The testimony that it is the practice to do so and to the best of the witness's knowledge it was done in this case, and the language on the form acknowledging receipt of the statement signed by both Mrs. Wilson and Mr. Schaefer, is all that should be re-

_____

[3] See *Personal Finance Co. of New York* v. *Lyons* (1941), 128 Conn 254 (21 A2d 652), holding that in an action by a finance company against makers of a note, the makers had the burden of proving their defense that the note was void for failure to furnish the makers a statement of amount and date of loan as required by the applicable statute, and that, in the absence of proof that such statement was not given, the makers could not prevail on such a defense.

quired, the defendant not having offered any evidence whatsoever that such statement was not furnished. The evidence that a receipt was sent to Mrs. Wilson after each of the four payments was likewise unrefuted. We, therefore, proceed on the assumption, there being no evidence to the contrary, that the trial court could have reached no other conclusion than that Mrs. Wilson received a copy of the required statement and the four receipts were duly mailed to her.

The act is explicit (see footnote 1) that the delivery of the statement to one borrower, if there is more than one, is sufficient. Thus, even if Mr. Schaefer was a "borrower", there was no duty to furnish him with a copy of the statement if Mrs. Wilson received a copy.

This leaves the question whether plaintiff could comply with the requirement that a receipt be furnished the borrower for all payments made on account of the loan by mailing to Mrs. Wilson receipts for the four payments, including the two made by Mr. Schaefer. Plaintiff does not claim that any receipt was mailed to Mr. Schaefer.

The defendant stresses that the form "Promissory Note and Statement of Loan" contained a box in which was printed the following words: "Name and address of borrower(s)," following which there was written the names of both Mrs. Wilson and Mr. Schaefer and, thus, it is argued in behalf of Mr. Schaefer, plaintiff has admitted Mr. Schaefer was a borrower. We do not think plaintiff's denomination of Mr. Schaefer as a borrower under these circumstances is decisive as to whether Mr. Schaefer was entitled to receipts for all four payments or even for the two payments made by him.

Plaintiff contends Mr. Schaefer was not a borrower within the meaning of that word as used in

the regulatory loan act because he was an accommodation party and cites as authority two cases which so hold.[4] However, we do not think it necessary to resolve that question in order to decide this case.

The words "or to 1 of them if there are 2 or more" appearing after the words "Deliver to the borrower" in the first complete paragraph of section 14 (see footnote 1) were added by amendment of an earlier statute (PA 1939, No 21) through a general revision enacted in 1963 (PA 1963, No 103) at which time the legislation was given its present short title, the "regulatory loan act of 1963", CL 1948, § 493.1a, added by PA 1963, No 103 (Stat Ann 1965 Cum Supp § 23.667[1a]). We do not regard the addition of the words "or to 1 of them if there are 2 or more" after the word "borrower" in the first paragraph of section 14 and the failure to add such words after the word "borrower" in the next paragraph of that section to mean a receipt must be furnished to each borrower (where there is more than one) or to the one from whom the particular payment happens to have been received. The draftsman could have properly concluded that the repetition in this context of the words "or to 1 of them if there are 2 or more" would have been redundant.

"In ascertaining the true intent and meaning of a statute often allowance must be made for attempted brevity of expression." *Township of Elba* v. *County of Gratiot* (1939), 287 Mich 372, 394.

In our opinion the purpose of the statute can be effectuated by interpreting the second paragraph of paragraph 14 to mean, and we hold it means,

---

[4] *Trustees System Co. of Newark* v. *Stoll* (1935), 13 NJ Misc 490 (179 A 372); *Domestic Finance Corporation* v. *Czerwinski* (1940, Municipal Court, City of Syracuse), 29 NYS2d 588. Compare *Ferdon* v. *Zarriello Bros., Inc.* (1965), 87 NJ Super 124, 134 (208 A2d 186, 191) and *Pardee* v. *Fetter* (1956), 345 Mich 548.

that this provision may be complied with by mailing a receipt to one of the borrowers if there be more than one. Where there is an accommodation party, the lender may (as did the lender here) comply with this provision by mailing the receipt to a party accommodated, such latter party clearly being a borrower. If (as the defendant asserts [but see footnote 4]) an accommodation party is a borrower, then a lender could comply with the second paragraph of section 14 by mailing a receipt to such an accommodation party "borrower"; but we need not consider or decide that question in this case.

Reading section 14 as a whole, we are left with the definite impression the legislature did not intend to burden the lender with the duty of ascertaining the source of payment, which would not necessarily be clearly identifiable particularly where cash, money orders or checks (cashier's or personal) not signed by the borrower himself are mailed in payment, or to require the lender to mail to all those liable in the capacity of borrower receipts for each payment. In our opinion a lender may mechanize its receipt mailing operation so as to mail all receipts, irrespective of the source of payment, to one of the borrowers.

Affirmed. Costs to appellee.

T. G. KAVANAGH, P. J., and VANDER WAL, J., concurred.