[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
A motion to strike can be used to challenge the sufficiency of a special defense. Section 152(5) Conn. Practice Book; Passini v. Decker, 39 Conn. Sup. 20, 21. The facts in the special defense should be construed in a manner most favorable to the pleader. Id.
The three special defenses overlap somewhat. The first and third special defenses claim that the plaintiff, as president of the defendant corporation, cannot sue it to recover on the notes or loans alleged in the complaint, and that he has unclean hands in that respect. While it is conceivable that an officer may have unclean hands in making a claim against the corporation that employs him, the ground alleged in the first special defense is legally insufficient. There is also no rule of law that an officer cannot sue his corporate employer for a debt.
The second special defense claims that the plaintiff has unclean hands in that he is both the maker and the payee of the promissory notes involved in this collection action. While the maxim of unclean hands, which is an equitable defense, does not have to be specially pleaded, Gest v. Gest, 117 Conn. 289, 300, the defendant can elect to plead it, and facts supporting a claim of illegal conduct of the plaintiff which is not apparent on the fact of the complaint must be specially pleaded. Conn. Practice Book, section 164; Personal Finance Co. of New York v. Lyons,128 Conn. 254, 260. The allegations of the second special defense construed most favorably to the defendant can, depending upon the evidence, encompass facts amounting to illegal conduct precluding a recovery.
The motion to strike is granted as to the first and third special defenses but denied as to the second special defense.
ROBERT A. FULLER, JUDGE